## HERSHY V. LATHAM.

1. CONSIDERATION: *Relinquishment of dower as consideration for deed.*
   A wife's relinquishment of dower, or her cession of any other rights of property, is a sufficient consideration for a settlement upon her by her husband out of his own property.

2. FRAUD: *Burden of proof of.*
   It is the general rule that he who alleges fraud in a transaction must prove it; but in a contest between a wife and her husband's creditors for land purchased in her name, a natural presumption arises that the husband furnishes the means of payment, which she must overcome by affirmative proof.

3. PRACTICE IN SUPREME COURT: *Erroneous but harmless instructions.*
   An erroneous instruction upon the burden of proof is generally fatal, for this court will not speculate upon the harm it may or may not have done. But where there is no material controversy about the facts, and the judgment is obviously right upon the whole record, it will be affirmed, notwithstanding the erroneous instruction.

4. FRAUDULENT CONVEYANCE: *Participation of grantee in the fraud.*
   To avoid a fraudulent conveyance of a debtor proof of the grantee's participation in the fraud is not necessary where the grantee is a voluntary donee; but where he is a purchaser for valuable consideration it is necessary.

5. SAME: *Settlement upon wife for inadequate consideration.*
   At law a settlement of an insolvent husband upon his wife for a valuable consideration, where no actual fraud or notice of fraud is imputable to her, will stand good for the whole settlement, though the consideration be grossly inadequate. But in equity the consideration may be weighed, and if found grossly inadequate, the conveyance will be declared partly voluntary, and be ordered to stand as a security for the consideration actually paid.

APPEAL from *Crawford* Circuit Court.

Hon. R. B. RUTHERFORD, Circuit Judge.

*U. M. & G. B. Rose*, for appellant.

The court erred in instructing the jury that the burden of proof was upon appellant to prove the alleged fraud.

The rule is, that transactions between husband and wife, and particularly conveyances from one that is embarrassed to the other, are to be carefully scanned, and that when fraud is charged, the burden is upon the party seeking to uphold such a conveyance to show that it has been honestly made, and upon sufficient consideration. *94 U. S., 580; 53 Wis., 413; 6 Wis., 338; 17 ib., 550; 15 ib., 195; 31 ib., 82; 21 Penn. St., 355; 36 ib., 416; 18 ib., 363; 28 ib., 513; 43 ib., 363; 7 How. Pr., 107; 57 Ga., 235; 60 ib., 82; 53 Md., 292.*

*Sanders & Husbands*, also for appellant.

The proof shows that the deed was made to Cabell for the property sold to him before the deed was made to plaintiff for the property in controversy, and hence the instructions of the court as to the consideration for the relinquishment of plaintiff's rights were erroneous, because, at most, the only consideration which could in fact have existed was for her relinquishing her *dower* in the property sold to Cabell, and her right to have the property in controversy deeded to her could only depend on the promise of her husband that he would have it so made to her.

The court instructed that the burden was upon appellant to show fraud, and that it would require an actual fraudulent intent to be shown, and that the wife had to participate in that fraud and intent.

When the property was sold to Cabell, and the money paid to the husband of plaintiff, it was his money, and when he took that money and bought the property in controversy, and had the deed made to plaintiff, it was voluntary as to him, and void as to his creditors. *Bennett v. Hurton et al., 33 Ark., 767.*

As to the burden of proof in cases of this kind, see *Wait on Fraud. Conveyances*, secs. *291, 300; Lee v. Trigg, 37 Col., 328.*

"Taking in the name of the wife a deed for property purchased and paid for by the husband, who was involved in debt at the time, was said to make a *prima facie* case of fraud against creditor." *Wait's Fraud. Con.*, sec. *243.*

"A conveyance may be fraudulent as to creditors without any actual intent to defraud even on the part of the grantor, and still more so without the participation of the grantee." *Wait's Fraud. Con.*, secs. *9—10, 382.*

*Collins & Balch*, for appellee.

*First*—The conveyance to appellee is presumed to be a provision for her, and the fraud must be proved. It will not be presumed. *Hershy v. Latham, 42 Ark., 306.* There is no proof of fraud or fraudulent intent on the part of either the appellee or her husband. The burden was on the appellant to prove the fraud.

*Second*—It is of no moment whether the Cabell place was a homestead or not. Appellee's dower was the same in either event.

*Third*—The relinquishment of her dower was a sufficient consideration for the conveyance to her, and having paid value she could not be deprived of her property unless she was a party to the fraud, had any been proved, and even in such case the proof should be convincing. *Harvey v. Alexander, 1 Rand. 219; Caldwell v. Bower, 17 Mo., 564.*

*Fourth*—Latham's creditors lost nothing by the transaction. The dower was not subject to their claim. Appellee's right of dower was valuable. No one buys land without requiring relinquishment of the same. *32 Ohio*

*State, 321.* "If she might 'release' she could refuse to do
so except on such terms as she might name." *32 Ohio St.,
supra.*

*Fifth*—It is not claimed the lots were worth more than
the dower. Its release was a sufficient consideration for
the deed to the lots and the transaction was not fraudu-
lent as to Latham's creditors. *32 Ohio State, supra; Quartes
v. Lacy, 4 Munf., 251; Ballard v. Briggs, 7 Pick., 533; Nims
v. Bigelow, 45 N. H., 343; 34 Mich. 343; Bump on Fraud.
Con., 304; 8 Am. Decisions, 500.*

SMITH, J.   This case, when it was here before, went off
upon a question of pleading. See *42 Ark., 305.* It was
now tried upon the first and fourth pleas set out in the
previous report. The substance of those pleas was, that
the defendant was owner of the demanded premises by
virtue of a marshal's deed made pursuant to a sale under
execution against the plaintiff's husband; and that the
plaintiff's deed, which was subsequent to the rendition of
the judgment under which the defendant purchased, was
void as against creditors, the purchase money having been
furnished by her husband, who was then insolvent.

It was either proved or admitted that John B. Latham,
the plaintiff's husband, in 1867, sold and conveyed certain
real estate in Fort Smith to General Cabell for the consid-
eration of $5,000; that Mrs. Latham refused to join in
the deed and renounce her dower until her husband agreed
to cause the lots now in controversy, for the purchase of
which he was negotiating, to be conveyed to her; that the
value of these lots was $1,000 or $1,200, and they were
paid for with part of the money that was received from
Cabell; that the deed to Mrs. Latham was made shortly
after she had relinquished dower in the property sold to
Cabell; that Latham was insolvent at the time, but his

wife did not know it; that he was, at the date of these transactions, about forty-five years of age, and she about twenty-five; that the judgment, under which the defendant afterwards purchased, had been rendered before that time, and the marshal of the United States had afterwards levied on and sold the lots as the property of John B. Latham; and that Mrs. Latham had no separate property of her own, or means independent of her husband.

The court refused the following prayer of the defendant, to which an exception was reserved:

" The fact of a husband, while insolvent, conveying, or causing to be conveyed, to his wife, real property which was paid for with his money, and no valuable consideration moving between them, is *prima facie* evidence of fraud."

The court then gave, of its own motion, the following charge:

" This is an action by plaintiff against defendant to recover possession of certain city lots mentioned in the complaint, in the city of Fort Smith. The plaintiff alleges that she is the owner and entitled to the possession of said lots. The defendant denies that the plaintiff is the owner and entitled to the possession of said lots, and pleads title in himself. The defendant in his answer alleges that the deed under which plaintiff claims title, was made and contrived by the husband of plaintiff for the purpose of defrauding his creditors, and hindering and delaying them in the collection of their debts.

" It is admitted that by virtue of the deed read in evidence on part of plaintiff, the legal title to the property vested in her. It is also admitted that at the time of the execution of said deed, the husband of plaintiff was insolvent, and that judgment was then pending against him, under which judgment the property was afterwards sold,

purchased by defendant, and deed made to him by the United States marshal for the western district of Arkansas. Defendant, however, contends, that, on account of the insolvency of plaintiff's husband at the time of the execution of the deed to plaintiff, and from the fact of her husband paying the purchase money for the property in controversy, and having the deed made to plaintiff, that a trust arose by virtue of the transaction in favor of the husband of plaintiff, and that his interest was such as to be subject to sale under execution against him.

"The real issue, therefore, for the jury to try is whether or not the deed under which the plaintiff claims was fraudulent as respects creditors of the husband and plaintiff, and the court instructs the jury that the defendant, having 'alleged' fraud in the procurement and making of said deed, the burden of proving fraud is on the defendant; that if the jury find, by a preponderance of the evidence in the case, that the deed under which plaintiff claims was executed, or procured to be executed, by the husband of plaintiff for the purpose and with the intent to defraud his creditors, or to hinder and delay them in the collection of their debts, they will find for the defendant.

"The court instructs the jury that a conveyance by a husband to his wife is presumed to be a provision for her, in which case no trust results; yet this presumption may be repelled by proof, and it is effectually rebutted by proof of actual fraud in the intent of making such a settlement upon the wife. It is the intent that makes a conveyance fraudulent as to creditors, and this intent must be participated in by both parties—by the grantee as well as the grantor. A conveyance is not necessarily void or fraudulent because its effect is to hinder and delay creditors, unless it was a fraudulent contrivance for that purpose, and

the grantee or person to be benefited by the conveyance was privy to the design.

"The court further instructs the jury that if they find from the evidence that the husband of plaintiff, in order to secure the relinquishment of her dower or rights in the property on which they were residing, and which was their actual homestead at the time, agreed to have the deed to the property in controversy in this suit (and for which the husband of plaintiff had verbally contracted already) made to plaintiff, and that the deed was so made at the time, or soon thereafter; that the jury may consider this circumstance, in connection with all the other evidence in the case, in determining whether or not there was a fraud perpetrated by the husband of plaintiff on his creditors by such transaction, and if they find that the deed was intended at the time as a provision for the wife's interest of her dower, or the right she may have had in the home place, as aforesaid, and that the price paid for the lots in controversy was reasonable compensation for her interest in the said home place, which she had so relinquished, they will find for the plaintiff."

The verdict and judgment were in favor of the plaintiff. Counsel for appellant concede that the dispute is not as to the facts, but as to the law of the case.

1. Release of dower as consideration for deed.

However true the rejected prayer may be as an abstract proposition of law, it was inapplicable here. For it assumed that no consideration of any legal estimation supported the grant which was made to Mrs. Latham, but that it was a voluntary post-nuptial settlement by a husband, whose affairs were irretrievably embarrassed. No money, or other thing of value, did pass directly from her to her grantor; nor was this essential. Regarding the husband as the real grantor, or author of the grant, the evidence shows that the material cause, or *quid pro quo*, which in-

duced him to take the conveyance in the name of his wife, was the renunciation of her dower in the property sold to Cabell. Hence, for the purposes of this case, the lots may be considered as paid for by the release of Mrs. Latham's inchoate right of dower in other lands of her husband. Now, we are not aware of any well-considered case which denies that the wife's relinquishment of dower in her husband's lands, or cession by her of any other rights of property, is a sufficient consideration for a reasonable settlement upon her by the husband out of his own property; but the contrary has been frequently adjudged. Thus, in *Clerk v. Nettleship, 2 Levinz, 148*, the wife having land as heiress, and the husband being a tradesman and in debt, he promised her that if she would join with him in a sale of the land and permit him to receive the money for the use of his trade, to leave her £400 at his death. They sold and he had the money, and six months after he made an obligation to a stranger, conditioned to pay his wife £300 after his death, and two months later died. And by the direction of Hale, C. J., the jury found the obligation not fraudulent *quoad* creditors; though in law a man cannot make a good promise to his wife, and though the obligation was made so long afterwards. Compare *Lavender v. Blackstone, ib., 146*—a case of a fraudulent conveyance, where it is said: "The wife did not join in the fine, and therefore continues dowable. But, if she had joined, it might have made the settlement to be upon good consideration, which otherwise is merely voluntary." The point has also been ruled the same way in the following American cases: *Bullard v. Briggs, 7 Pick., 533; Nims v. Bigelow, 45 N. H., 343; Garlick v. Strong, 3 Paige, chy. 440; Quarles v. Lacy, 4 Munf. (Va.), 251; Harvey v. Alexander, 1 Rand., 219; Taylor v. Moore, 2 ib., 563; Hoot v. Sorrell, 11 Ala., 386; Powell v. Powell, 9 Humph., 477; Ward v.*

*Cootley, 4 Metc. (Ky.), 59; Singer v. Welch, 32 Ohio St., 320; Caldwell v. Bower, 17 Mo., 564; Farwell v. Johnston, 34 Mich., 342.*

**2. FRAUD: Burden of proof.** It is, however, insisted that the court erred in instructing the jury that the burden was upon Hershy to prove the alleged fraud in the transactions between Latham and his wife. The general rule is, *ei incumbit probatio, qui dicit, non qui negat.* At the same time transactions between husband and wife, which may operate to the prejudice of the husband's creditors, are closely scrutinized. The intimacy of that relation and the community of interest between the parties to it afford peculiar facilities for the perpetration of frauds. Purchases in the name of the wife are often resorted to as a cover for the debtor's property, and a device for withdrawing it from the reach of his creditors, and preserving it to his own use. Hence, in a contest between her and those creditors, when she claims as a purchaser, a natural presumption arises, that the husband furnished the means of payment, which she must overcome by affirmative proof. *Wait on Fraudulent Conveyances, secs. 300-1, 308*, and cases cited; *Seitz v. Mitchell, 94 U. S., 580; Keeney v. Good, 21 Pa. St., 355.*

**3. Erroneous but harmless instruction** Now, an erroneous instruction upon the burden of proof is commonly fatal; for the court will not speculate upon the harm it may or may not have done. Nevertheless, in this case, there is so little controversy about the real facts, and the judgment is so obviously right upon the whole record, that it must be affirmed, notwithstanding the error in the charge. We mean to say that there is no possible doubt on this record that the lots were conveyed to the plaintiff by her husband's direction and as a recompense for her relinquishment of dower in other lands. The jury could not have returned a different verdict, if they had been properly instructed; or, if they had, it

should have been set aside as contrary to the evidence. *L. R. & Ft. S. Ry. v. Turner, 41 Ark., 161.*

That Mrs. Latham paid a valuable consideration for the conveyance was proved not alone by her own testimony, but by the testimony of a disinterested witness. There was no evidence to the contrary, Hence, the misdirection inflicted no injury upon the losing party and substantial justice has been attained. For, no matter upon whom the *onus probandi* rested, the verdict must have been the same.

It was not improper to tell the jury that, in order to avoid the deed, Latham must have had a fraudulent intent and Mrs. Latham must have participated in such intent. The deed was made upon a consideration deemed valuable in law. And the distinction established by our cases upon the point of the necessity for participation in the fraud is between the *bona fide* purchaser for value on one hand and a voluntary donee on the other. *Dardenne v. Hardwick, 9 Ark, 482; Splawn v. Martin, 17 ib., 146; Hempstead v. Johnston, 18 ib., 141; Christian v. Greenwood, 23 ib., 264; Bertrand v. Elder, ib., 494; Galbreath v. Cook, 30 ib., 417; Erb v. Cole & Dow, 31 Ark., 554; Reeves v. Sherwood, 45 ib, 520.*

*4. FRAUDULENT CONVEYANCE: Participation of grantee in the fraud.*

We are not at liberty, in this action, to inquire whether the property settled upon Mrs. Latham, was not, out of all proportion, more valuable than the contingent right of dower ceded by her. For no actual fraud, or notice of fraud, being imputable to her, the conveyance stands good for the whole at law. But in equity the consideration may be weighed, and if found grossly inadequate the conveyance will be declared partially voluntary and will be ordered to stand as a security for the consideration actually paid. *1 Am. Lead. Cas., 5th ed., *51,* notes to the case of *Sexton v. Wheaton; Bump Fraud. Conv., 3d ed, 294.*

*5. SAME: Settlement upon wife for inadequate consideration.*

Affirmed.