## BAUCUM *v.* COLE.

### Opinion delivered May 21, 1892.

1. *Fraud—Consideration—Release of homestead by wife.*

   The transfer by a husband to his wife of $510 out of the proceeds of his homestead, which was sold for $2,000, in consideration of her joining in the deed and relinquishing dower, is not so out of proportion to the consideration as to evidence fraud.

2. *Practice—Time of trial of attachment—Waiver.*

   If it is error to set down the attachment branch of a cause, and an interplea therein, for trial before the return term of the action, the error is waived by going to trial without objection.

Appeal from Pulaski Circuit Court.

ROBERT J. Lea, Judge.

G. F. Baucum & Co. brought suit against J. J. Cole by attachment in the Pulaski circuit court December 6, 1890, returnable at the following March term, charging the defendant with fraud in disposing of his property, and with attempting to so dispose of it. Plaintiffs garnished $510 in the hands of Wallace & Lorance in Pulaski county, and attached personal property in Lonoke county valued at more than $400.

On the 12th day of December, 1890, defendant, having given the required notices, filed his schedule claiming a portion of the property attached in Lonoke county as exempt; also a traverse of the grounds of attachment, together with a motion that the attachment be at once

discharged. At the same time his wife, M. E. Cole, who was allowed to intervene, claimed the money garnished and some of the property attached in Lonoke county, and asked that the issues be at once tried. Plaintiffs demurred to these several proceedings, but the court overruled their demurrer and proceeded to try all the issues forthwith. Plaintiffs introduced evidence to show fraud on defendant's part in disposing of a mule at Hot Springs and in transferring a portion of the proceeds of his homestead to intervener, his wife.

The court found in substance that defendant, in December, 1890, sold his homestead of 80 acres to Wallace & Lorance for $2000 ; that, after paying certain debts for which the grantees became responsible, there would be left the sum of $510 due defendant ; that M. E. Cole refused to relinquish her dower in the homestead unless this sum was paid to her for her dower interest therein, which was agreed to by defendant and Wallace & Lorance, and she then signed the deed relinquishing her dower.

Upon these facts the court declared the law to be "that a debtor in failing circumstances has the right to sell his homestead to pay such debts as he may choose, and no creditor has a right to complain, even though he may not be paid; as that property, while used as such, is beyond his reach, and cannot be subject to the payment of his debts; and that, as a matter of law, there was no fraud in the transaction of Cole of which the plaintiffs could complain." As to the intervention of M. E. Cole, the court declared the law to be "that a married woman has the right to refuse to relinquish her inchoate dower interest in the homestead unless a part of the purchase money therefor be paid to her; and if, by reason of her refusing to relinquish her dower interest, the husband in good faith accedes to her demand, in order to enable him to make a sale, and allows such part of the

purchase money to go to her as would be in proportion
to the value of said dower interest, this would not be a
fraud upon his creditors." The court held that the facts ·
failed to establish legal fraud, and dissolved the attach-
ment; and held that the property claimed by the inter-
vener belonged to her, and sustained the intervention.
Judgments were accordingly rendered for defendant and
intervener. Plaintiffs have appealed.

*W. J. Terry* for appellants.

1. The court erred in trying the issues at the Octo-
ber term. Mansf. Dig. secs. 356, 358, 383, 5125.

2. The court erred in declaring the law to be that
a wife could exact of her husband a certain *pro rata* of
the purchase money equal to her dower interest in the
homestead, and that his giving her this would not be a
fraud on creditors. 31 Ark. 580; 1 Wash. R. P. (5th
ed.) p. 312; 18 W. Va. 522; 16 Iowa, 578; 55 Md. 42;
13 Allen (Mass.), 60; 8 N. Y. 110.

3. Actual fraud is shown in the disposition of
Cole's property.

*Vaughan & Collins* for appellees.

1. As to property which is exempt there can be no
fraudulent disposition on the part of the debtor. 1 Wade,
Att. sec. 213; 2 *id.* sec. 419; Waples, Att. 534; 33 Ark.
414; 37 *id.* 614; 44 *id.* 180; 49 *id.* 219.

2. No objection was made to the trial of the cause
—it is too late to object here for the first time that the
cause was prematurely tried.

HEMINGWAY, J. The court below found that the
plaintiffs' allegation of fraud was not proved, and accord-
ingly dissolved the attachment. The order, which was
the legal consequence of the finding, was correct, unless
there was something in one of two transactions hereafter
considered to constitute fraud.

The court found specifically that there was no fraud
upon creditors in the sale of the mule at Hot Springs;

the burden was upon the plaintiff to show that there was, and we do not find that such proof was made.

1. Release of homestead as consideration.

The court found that the debt attached was to be paid to M. E. Cole, the wife of the defendant, in consideration of her having joined him in the conveyance of their homestead and relinquished her dower in it. That the relinquishment of dower is a valuable consideration to support a transfer of property by the husband to the wife, was settled in *Hershy* v. *Latham*, 46 Ark. 542; as the husband cannot convey his homestead unless his wife joins in the conveyance, it would follow that her joining in such conveyance was an additional consideration to support a settlement by the husband. We cannot say that the transfer to the wife of $510 of the proceeds of sale of a homestead worth $2,000 was so out of proportion to the consideration as to evidence fraud; the court below having found there was no fraud, such must be accepted as the fact. Other circumstances are referred to as indicating fraud, but they do not warrant us in disturbing the verdict. It follows that the court did not err in dissolving the attachment or in awarding to Mrs. Cole the debt attached.

2. Practice as to time of trial of attachment.

It is argued that the court erred in trying the issue upon the traverse of the attachment and the interplea, before the return term of the action. Without deciding what the proper practice is, it is sufficient to say that the plaintiff is in no position to urge the objection. The issues were tried without objection, and the implication is that the parties consented. It is true the plaintiff demurred to the traverse and the interplea, but a demurrer questions the sufficiency of the pleading and presents no objection to the order fixing the time for trial. If it is pertinent to such an order, it is as tendering an issue and invoking the court's judgment upon it.

Affirm.