## Ricketts, et al. v. Bolton.

(Decided February 6, 1917.)

### Appeal from Whitley Circuit Court.

1. Appearance—Objection to Motion to Submit—Effect.—One who, without saving the question of jurisdiction, objects to a motion to submit thereby enters a general appearance.

2. Fraudulent Conveyances—Sufficiency of Evidence.—In an action to set aside a fraudulent conveyance by defendant to his father-in-law, evidence considered and held to show that the conveyance was made to defeat the collection of plaintiff's claim and that the grantee had notice of the grantor's fraudulent intent.

3. Fraudulent Conveyances—Pleadings—Judgment.—Where no attachment nor execution is levied on a tract of land and such tract is not described or referred to in the pleadings, it is prejudicial error to set aside a conveyance of such tract as fraudulent and to adjudge plaintiff a lien thereon.

4. Trusts—Resulting Trust—Priority Over Creditors.—No trust will be declared in a husband for his wife's benefit because of her hav-

ing furnished the consideration for a conveyance to him, as against creditors of the husband whose claims arose while the property stood in his name.

5. Judicial Sales—Husband and Wife—Joint Estate—Subjection of Husband's Interest—Partition.—Where, in an action to subject to his debts the husband's interest in a tract of land jointly owned by him and his wife, the wife obtains an order appointing commissioners to partition the land between her and her husband, it is error to sell that part allotted to the husband before the report of partition was filed and the wife given an opportunity to except thereto.

6. Homestead—Husband and Wife.—The wife's right to homestead in her husband's property cannot be defeated by allowing her a homestead in her own property.

7. Homestead—Husband and Wife—Joint Estate—Subjection of Husband's Estate—Partition.—In partitioning land jointly owned by the husband and wife for the purpose of subjecting the husband's interest to his debts, that part containing the dwelling house and appurtenances should, if possible, be allotted to the wife, in which event she would not be entitled to a homestead in that part of the land allotted to her husband.

8. Dower—Husband and Wife—Joint Estate—Sale of Husband's Interest.—Where land jointly owned by husband and wife is partitioned for the purpose of subjecting the husband's interest to his debts, the wife still has an inchoate right of dower in that part allotted to her husband, and a judgment depriving her of all interest therein is erroneous.

9. Judicial Sales—Sale as a Whole of Separate Tracts Owned by Different Defendants—Error.—Where several tracts of land are owned by different defendants and are not contiguous, it is error to sell them as a whole.

STEPHENS & STEELY and H. C. GILLIS for appellants.

R. S. ROSE and P. W. HARDIN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In the year 1907, James Ayers, who was the marshal of the town of Jellico, shot and killed Sampson Bolton. Martha Bolton, the widow and administratrix of Sampson Bolton, brought suit against Ayers and his bondsmen, B. M. Rose and R. M. Perkins, to recover damages for Bolton's death. On January 27th, 1909, judgment was rendered in favor of plaintiff for $3,000.00 against Ayers and his sureties, Rose and Perkins. Execution was issued on the judgment and returned "no property found." Thereupon plaintiff brought this action of

discovery and asked that the defendants be required to come into court and disclose their property. Subsequently an amended petition was filed, in which plaintiff charged that since the filing of her petition the defendant, Rose, with the fraudulent intent to cheat, hinder and delay the collection of the judgment, had conveyed to his father-in-law, William Rickett, a certain described tract of land. According to this description, there were 118.51 acres in the tract, but there was excluded therefrom a tract of 50 acres, conveyed to B. M. Rose by the will of his father. No process was issued on this amended petition against Rose, but process was issued against William Rickett.

Later on, an amended petition was filed, charging that R. M. Perkins had fraudulently conveyed to his wife, Cynthia Perkins, three tracts of land, two of which were known as the "Jesse Walden tracts" and the other as the "Cal Perkins tract." Cynthia Perkins set up claim to the tracts in controversy, on the ground that they were purchased with money inherited by her from her father and that the title was taken to her and her husband jointly when it should have been taken to her, and that her husband held the land in trust for her and for the purpose of carrying out the trust conveyed the land to her. Cynthia Perkins further asked that, if the deed from her husband to her be adjudged invalid, she be adjudged a homestead in her husband's interest in said land.

On final hearing, the chancellor adjudged that the sale of the 68-acre tract of land from Rose to Rickett was fraudulent and void. He further held that the 50-acre tract inherited by Rose from his father under his father's will was sold pursuant to a judgment which Rose suffered while he was insolvent, and for the fraudulent purpose of delaying plaintiff in the collection of her debt. The chancellor further adjudged that William Rickett and his wife, Vina Rickett, paid $1,200.00, in good faith, for the 68-acre tract and adjudged them a first and prior lien on said tract to secure the payment of said sum. He further held that the purchaser in the case of Jellico Grocery Company against B. M. Rose and William Bird, in which action the 50-acre tract was sold, was entitled to a prior claim on the 50-acre tract for the amount of the purchase price, together with interest thereon from the date of payment.

The court further found that a tract of 21 acres, conveyed by Rose and wife to J. D. Bryant and wife, was conveyed for a fraudulent purpose, and directed that the conveyance be set aside.

With respect to the defendants, R. M. Perkins and Cynthia Perkins, the court held that the money with which the "Cal Perkins tract" of 50 acres and the two "Jesse. Walden tracts" containing 125 acres was purchased, was furnished by and belonged to Cynthia Perkins; that Cynthia was the owner of the "Cal Perkins tract," but inasmuch as she suffered and permitted the title to the two Walden tracts to be taken to herself and husband jointly, and R. M. Perkins incurred numerous debts on the faith of such ownership, she was estopped to assert that she was the sole owner of the Walden tracts and that the deed from her husband to her was fraudulent and void. The court further adjudged Cynthia Perkins a homestead in the Cal Perkins tract and directed that her interest in the two Jesse Walden tracts should be laid off and apportioned in such a way that same should adjoin the Cal Perkins tract. It was further ordered that Cynthia Perkins should have no homestead in her husband's interest in the two Jesse Walden tracts. From this judgment William Rickett, B. M. Rose and Cynthia Perkins appeal. While the plaintiff was granted an appeal below, she has neither prosecuted an original or cross-appeal.

1.    There is no merit in the contention that B. M. Rose was not before the court on the amended petition asking a cancellation of the conveyance by him to his father-in-law. It is true that process on the amended petition was not served on Rose, but after the filing of the amended petition and proof had been taken to sustain its allegations plaintiff moved for a submission of the case. Without saving the question of jurisdiction, Rose objected to the motion and thereby entered a general appearance. 4 C. J., section 27, page 1334; Farmers' Nat. Bank v. Backus, 64 Minn. 43, 66 N. W. 5; Stockwell v. Haigh, 23 N. D. 54, 135 N. W. 764; Sterringer v. Mackie, 57 W. Va. 63, 49 S. E. 942; German Mut. Farmer F. Ins. Co. v. Decker, 74 Wis. 556, 43 N. W. 500.

2.    We deem it unnecessary to enter into a discussion of the evidence in regard to the conveyance by Rose of the 68-acre tract of land to William Rickett and wife. Plaintiff's suit against Rose had been pending for some

time. Final judgment was rendered on January 29th, 1909. The deed to his father-in-law was executed just a few days before the judgment was rendered. The chancellor set aside the deed, but gave William Rickett and his wife a lien thereon for $1,200.00, the amount of the purchase price. There being no cross-appeal, the propriety of that part of the judgment awarding the Ricketts a lien for the purchase price is not before us. A careful consideration of all the circumstances con-- vinces us that Rose made the conveyance to his father- in-law for the purpose of defeating the collection of plaintiff's claim, and it is equally certain that the father-in-law, who acted for himself and wife, had notice of Rose's fraudulent intent. It follows that the chan- cellor did not err in setting aside the conveyance of the 68-acre tract.

The record fails to show that an attachment or exe- cution was ever levied on the 50-acre Rose tract, or on the 21-acre tract conveyed to J. D. Bryant and wife. Neither of these tracts is described or referred to in the original or amended petitions. Nowhere was it sought to have the conveyances set aside. Under the circum- stances, it was error to set aside the conveyances and to award plaintiff a lien on the tracts. Clearly defendant was entitled to some notice that such action would be taken. If he had been apprised of the fact that the conveyance of the 50-acre tract would be cancelled and that tract subjected to plaintiff's debt, he might have pleaded a homestead in that tract. On the return of the case, the judgment as to the 50-acre tract and 21-acre Bryant tract will be set aside.

The deed to the two Jesse Walden tracts was exe- cuted about the year 1885 to R. M. Perkins and wife, Cynthia. About the time the original judgment in this action was to be rendered, R. M. Perkins conveyed his interest in the two tracts to his wife. It is now insisted that because the original purchase money came through Cynthia's father and was paid by her, she had an equity in the Walden tracts superior to that of her hus- band's creditors, and the deed from her husband to her was not fraudulent. In the recent case of Morgan, Sr., et al. v. Lewis, 172 Ky. 813, 189 S. W. 1118, land which was paid for with property inherited by the wife from her father was deeded to the husband in 1871. The title thus remained until a judgment was obtained against

the husband as a surety on an administrator's bond some twenty-seven years later. After recovery of the judgment the husband conveyed the land to the wife. The judgment creditor sued to subject the land. The deed executed by the husband to the wife was cancelled and the land appropriated to the payment of the judgment. Here the husband held title for over twenty-two years. Upon the faith of his ownership of the land he was accepted as a surety on the town marshal's bond. The wife acquiesced in this condition of affairs until after the liability was incurred. Under these circumstances, she will not be permitted to enforce her equity against those who dealt with the husband upon the strength of appearances which she suffered and permitted to exist. It follows that the chancellor did not err in holding that R. M. Perkins' interest in the two Walden tracts could be subjected to plaintiff's debt.

Before the judgment of sale, Cynthia Perkins obtained an order appointing commissioners to partition the two Walden tracts between her and her husband. The report of the commissioners partitioning the land was not filed until some time after the sale took place. It should have been filed before the sale, in order that the parties might know what land would be sold and in order that Cynthia Perkins might file exceptions to the report in case she was dissatisfied with the partition.

The Cal Perkins tract of 50 acres was purchased with Cynthia Perkins' money, and, as the title thereto was never conveyed to her husband, he did not enjoy any delusive credit because of the apparent ownership of that tract, and the trial court properly held that the Cal Perkins tract should not be subjected to plaintiff's debt. It appears, however, that the chancellor awarded Cynthia Perkins a homestead in the Cal Perkins tract. Since she owned this land in her own right, it was unnecessary to allow her homestead therein and thereby defeat her right to such homestead as she might have in her husband's land. The court directed that her part of the Walden tracts be laid off so as to adjoin the Cal Perkins tract. If possible, it should be laid off so that the dwelling house and appurtenances should be on the part allotted to Cynthia. In that event, of course, she would not be entitled to a homestead in that part of the land allotted to her husband. However, she still has an inchoate right of dower therein. As the judgment

deprived her of all interest in her husband's estate in the Walden tracts, it follows that that part of the judgment is erroneous.

B. M. Rose and Cynthia Perkins appeal not only from the judgment of sale, but from the subsequent orders overruling their exceptions to the report of sale. It appears from the report of sale that the three tracts of land that belonged to Rose and the tract of land allotted to R. M. Perkins, husband of Cynthia, were first offered separately, and, there being no bids, were then offered as a whole and the plaintiff, Martha Bolton, became the purchaser. These tracts of land belonged to different parties. They were not contiguous, but were located in different sections of the county. Manifestly, such a sale was unfair and unjust to the defendants, because no one would be likely to bid on the several tracts as a whole except the plaintiff. Under such circumstances, tracts not contiguous and belonging to different defendants should be sold separately.

Judgment reversed and cause remanded for proceedings consistent with this opinion.