## Martin, et al. v. Cole, Surviving Partner of Cole & Crain.

(Decided May 6, 1921).

### Appeal from Floyd Circuit Court.

1. Appearance—In General—Quashal of Summons.—A party defendant may appear solely for the purpose of moving to quash the summons and return thereon without thereby entering a general appearance to the action.

2. Appearance—In General.—An appearance of the defendant in court for any purpose other than to object to the sufficiency of the service of summons by a motion to quash or by other appropriate proceeding will be treated as a general appearance to the action.

3. Appearance—In General—Presence at Taking of Depositions—Quashal of Summons.—A defendant whose counsel more than a year after suit is filed is present at the taking of depositions by plaintiff, enters into certain stipulations in regard to said depositions, cross-examines the witnesses, and interposes an objection to questions propounded by plaintiff's counsel as well as to a motion to take the petition for confessed and for judgment thereon, all without objecting to the jurisdiction of the court, will be treated as having entered a general appearance to the action, and it is too late to thereafter enter a special appearance for the sole purpose of moving to quash the summons and return thereon.

C B. WHEELER for appellants.

B. F. COMBS and SMITH & COMBS for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

We will refer to the parties to this appeal as they appeared in the court below. Plaintiffs are seeking damages arising from certain logging operations by the firm of Cole & Crain in Beaver creek. It was alleged that a drift which was allowed to accumulate in the creek cut and washed away a large part of plaintiffs' land. Defendant is the surviving partner of the logging firm.

The petition in this case was filed January 23, 1918. The defendant, as well as his deceased partner, was a non-resident of the state. It was sought to bring defendant before the court by service of summons on B. F. Combs, as attorney, and on Tom Higgins and Frank Pratt as agents of the former partnership.

Other than to correct the returns on the summons no orders were entered in the case until June 27, 1919, when plaintiff moved the court to take the allegations of the petition as true and to submit the cause for judgment. To said motion the defendant interposed an objection and the case was submitted on this motion.

July 5, 1919, defendant appeared solely for the purpose of moving the court to quash the summons and the return thereon, filing an affidavit in support of this motion. The affidavit set forth the non-residency of defendant and stated that none of the persons upon whom it was sought to serve the summons had any connection with defendant; they were neither his manager, agent nor attorney; nor were they in charge of defendant's business.

September 23, 1919, plaintiffs filed certain depositions taken by them May 8th and 9th, 1919, pursuant to notice served upon Combs and Higgins. According to the caption of said depositions defendant was represented at said taking by counsel, who agreed they might be taken in shorthand and who waived the reading of the depositions and the signatures thereto. Six out of the seven witnesses were cross-examined by said attorney, who likewise objected to at least one question by plaintiffs' counsel.

October 18, 1919, plaintiffs renewed their motion entered at a former term of the court to take the allegations of the petition as true and for judgment on the petition, at the same time offering to read in evidence the depositions taken in May. The defendant insisted upon his

motion previously made to quash the summons. On said hearing Attorney A. B. Combs testified orally that he was present when the depositions were taken in May, 1919, and as a representative of defendant, cross-examined plaintiffs' witnesses. The court entered judgment sustaining the motion to quash the summons and the return thereon, plaintiffs declined to proceed further, the petition was dismissed and this appeal followed.

We do not think it necessary to enter into a discussion of the validity of the service of the summons upon the three named persons, since we are satisfied defendant waived the service of process by certain steps which he took in the case.

That a party defendant may appear solely for the purpose of moving to quash the summons and the return thereon without thereby entering an appearance to the action is well settled in this jurisdiction. It is equally as well settled that any appearance of the defendant in court for any purpose other than to object to the sufficiency of the service by a motion to quash or by other appropriate proceedings, will be treated as a general appearance. Among the acts which have been held to constitute the entry of a general appearance by defendant the following might be mentioned: Filing an answer; motion or application for continuance; motion to paragraph petition; filing a general demurrer; motion to correct the record; motion to strike from the petition; agreement to continue the cause; request that the case be placed at the foot of the docket or passed until the arrival of defendant's attorney. Caskey v. Cheatoweth, 62 Fed. 712; Bank of the Valley v. Bank of Berkley, 3 W. Va. 386; Ulmer v. Hiatt, 4 Green, Iowa, 439; Royer Wheel Co. v. Dunbar, 25 Rep. 746, 76 S. W. 366; Standard Furniture Co. v. Stanley, 21 Rep. 452, 51 S. W. 611; Sun Mutual Ins. Co. v. Crist, 19 Rep. 305, 39 S. W. 837; Ohio Sou. Ry. Co. v. Morey, 47 Oh. St. 207, 24 N. E. 269; 7 L. R. A. 701; Mahoney v. Kephart, 15 W. Va. 609; O'Rear v. Clough, 52 Mo. 55; Epp v. Sasbee, 43 Ark. 545; State Superior Court, 52 Wash. 13, 100 Pac. 155; 3 Cyc. 504; 4 C. J. 1333; 2 R. C. L. 327; and note to Corbett v. Physicians' Casualty Asso., 135 Wis. 505, 115 N. W. 365, 16 L. R. A. (N. S.) 177.

There are many cases holding that where a defendant appears specially for the sole purpose of objecting to the jurisdiction of the court over his person and his objec-

tion is overruled, he does not waive the question of jurisdiction by thereafter taking steps to contest the case upon the merits, provided, of course, he saves the proper exceptions, a question, however, not involved on this appeal. Here the steps taken by defendant unquestionably entered his appearance to the action. Not only was he represented at the taking of depositions in May, 1919, more than a year after the petition was filed, but when plaintiff in June, 1919, moved the court to submit the case for judgment defendant interposed an objection thereto and it was not until the following month that he sought to enter his special appearance for the purpose of moving to quash the summons and the return thereon. This motion came too late. A party may not in the same breath dispute the merits of the case alleged against him and deny the jurisdiction of the court over his person; in other words he cannot at the same time be in court and out of court. Crawford v. Foster, 84 Fed. 939.

This is not a case where defendant could not have made his motion earlier and had it passed upon before appearing at the taking of depositions or before the motion for judgment was entered. Defendant had ample opportunity to have made and pressed his motion long before the depositions were taken or the filing of the motion, but this he failed to do. The steps taken by him prior to the filing of his motion to quash the summons constituted a general appearance to the action and, therefore, the court had jurisdiction of his person. This very question was passed upon by this court in Ricketts, et al., v. Bolton, 173 Ky. 739, 191 S. W. 471. It was contended in that case that Ross, one of the defendants, was not before the court on an amended petition. Summons on the amended petition was not served on Ross, but after the amendment had been filed and plaintiff had taken proof to sustain the allegations of the petition a motion was made to submit for judgment, exactly as was done in the instant case. Without saving the question of jurisdiction Ross objected to the motion and it was held that by so doing he entered a general appearance to the action. Such is the case here. When defendant appeared at the taking of the depositions in May, 1919, and in June entered his objection to the motion to submit for judgment he did so without first objecting to the jurisdiction of the court and in so doing entered a general appearance to the action and thereby waived the right thereafter to appear

specially for the purpose of seeking a quashal of the summons. Accordingly the judgment is reversed for further proceedings not inconsistent herewith.