WILLIAMS-ECHOLS DRY GOODS COMPANY v. BLOYD.

Opinion delivered October 19, 1925.

1. FRAUDULENT CONVEYANCES—VOLUNTARY CONVEYANCE—PRESUMPTION.—A voluntary conveyance by one not shown to be insolvent raises no presumption of intention to defraud or hinder subsequent creditors, and it devolves upon such creditors to prove that intent.

2. MORTGAGES—EQUITABLE MORTGAGE.—A deed in absolute form containing a clause stating that it is executed and accepted as a mortgage to secure a certain note, without a power of sale or defeasance clause, is an equitable, but not a legal, mortgage.

3. MORTGAGES—EQUITABLE MORTGAGE—PRIORITY OVER ATTACHMENT.— The validity of an equitable mortgage as a security does not depend upon its prior registration, as against the lien of an attaching creditor, nor does the fact that it was executed to secure an antecedent indebtedness subordinate it to the lien of an attachment.

Appeal from Washington Chancery Court; *Sam Williams*, Special Chancellor; affirmed.

*C. D. Atkinson* and *Daily & Woods*, for appellant.

*John Mayes* and *W. N. Ivie*, for appellee.

McCULLOCH, C. J. Appellant instituted this action in the chancery court of Washington County to cancel certain conveyances of real estate executed by its debtor, J. M. Bloyd, and to subject the same to the payment of his indebtedness. One of the conveyances sought to be canceled was a deed made by Bloyd to his wife, Matilda, and the other was an instrument executed by Bloyd conveying another lot to his sister, Lissie Creekmore. It is alleged that both of these conveyances were executed by Bloyd for the purpose of defrauding creditors. Mrs.

Bloyd executed a mortgage to the Arkansas National Bank of Fayetteville, and the bank was joined as a party-defendant. All of the defendants filed answers denying the allegations of fraud, and the bank pleaded that it was an innocent mortgagee. The court in its decree made a finding against appellant on the issue of fraud and dismissed the complaint for want of equity.

It appears from the evidence that J. M. Bloyd and C. A. Wilson were co-partners engaged in the mercantile business as the Valley Trading Company, in a town in the State of Oklahoma. Bloyd resided at that place with his family and owned the two lots in controversy, in the city of Fayetteville, Arkansas. The copartnership became indebted to appellant, and the debt has not been paid. The copartnership was adjudged bankrupt and discharged from the indebtedness.

The deed of Bloyd to his wife, Matilda, was executed on December 8, 1920, and was filed for record August 26, 1922.

The evidence fails, we think, to establish any fraudulent intent to hinder or defraud creditors, and the finding of the chancellor to the effect that Bloyd was not insolvent at the time of the execution of the deed is not against the preponderance of the evidence.

Counsel for appellant invoke the rule that a voluntary conveyance executed by an insolvent is conclusively void as to existing creditors, and also as against subsequent creditors where an intent to defraud them is shown. The difficulty, however, of appellant's case is that the proof fails to show insolvency at the time of the conveyances, and also fails to show that there was any fraudulent intent. Bloyd's deed to his wife was executed prior to the existence of the debt to appellant, and, as before stated, there is no evidence, directly or by circumstances, sufficient to establish a fraudulent intent to defraud future creditors.

A voluntary conveyance of property raises no presumption of intention to defraud subsequent creditors (*Crampton* v. *Schaap,* 56 Ark. 253). On the contrary, it

devolves on subsequent creditors attacking such conveyance to prove an intent to defraud or hinder creditors. *May* v. *State Natl. Bank,* 59 Ark. 612; *Mills* v. *Monroe,* 96 Ark. 531; *Buchanan* v. *Williams,* 110 Ark. 335.

The deed executed by Bloyd to his sister, Mrs. Creekmore, was executed after the debt to appellant was incurred. The deed was in absolute form conveying the legal title, except that it contained the following clause: "This deed is executed as and for a mortgage and is accepted by the grantee as such, to secure the payment of a certain promissory note of even date herewith for the sum of $3,800." The deed contained no power of sale nor a defeasance clause, hence it was not a legal mortgage. *McGuigan* v. *Rix,* 140 Ark. 418.

At the commencement of this action appellant caused to be issued and levied on the lots an order of attachment, and the deed to Mrs. Creekmore was not filed for record until a few days after the attachment was levied. It is contended, therefore, that the deed is a mortgage and was ineffectual, until recorded, as against the lien of appellant's attachment. The clause quoted above was sufficient to establish the fact that the deed was intended as an equitable mortgage, but, as it was not in legal form as a mortgage, its validity did depend upon registration. *Martin* v. *Schichtl,* 60 Ark. 595; *Priddy & Chambers* v. *Smith,* 106 Ark. 79. It follows, therefore, that it was not essential to the priority of the mortgage that it should have been recorded before the levy of the attachment. The fact that the equitable mortgage was executed to secure an antecedent indebtedness does not subordinate it to the lien of appellant's attachment.

Our conclusion is that the decree of the chancellor was correct, and the same is affirmed.