## Johnson v. Holt's Administrator.

### Same v. Sullivan et al.

(Decided October 14, 1930.)

BEN S. ADAMS, D. H. HUGHES and WHEELER & HUGHES for appellant.

C. C. GRASSHAM and M. C. ANDERSON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

These two appeals involving the same questions have been consolidated and will be considered in one opinion.

A. M. Holt, as administrator of the estate of O. T. Holt, deceased, brought suit in the Ballard circuit court against Drs. J. S. Johnson, J. F. Hahs, and G. L. Thompson, to recover damages for alleged malpractice resulting in the death of his intestate. The court gave a peremptory instruction in favor of Drs. Hahs and Thompson, and the jury returned a verdict against Dr. Johnson for $10,000. Thereafter Johnson moved to set aside the judgment, and about the same time brought an independent suit against the sheriff and others to enjoin the levy of the execution issued on the judgment. Each proceeding was based on the ground that Johnson was not before the court, and that the judgment was void. The motion made in the original action to set aside the judgment was overruled, and the action to enjoin the levy of the execution was dismissed.

The facts necessary to an understanding of the questions involved are these: Drs. Hahs and Thompson were local physicians and were before the court on service of process. Dr. Johnson lived in Cairo, Ill. Being a nonresident, an affidavit for a warning order was filed, warning order made, and warning order attorney appointed to defend for him. Upon allegations for an attachment and execution of bond a general attachment issued, and was levied on certain real estate owned by Johnson in Ballard county. At the time of the alleged malpractice Dr. Johnson had a policy of insurance issued by the Medi-

cal Protective Company by the terms of which it agreed, among other things, to defend and indemnify him "against any claim or suit for damages for malpractice, error or mistake"; and further agreed that "upon receipt of notice the company shall immediately assume full responsibility for the defense of any such claim or suit, and shall retain local counsel in whose selection the holder hereof shall have a voice, who in conjunction with the local department of the company shall defend without expense to the holder hereof," and "such defense shall be maintained until final judgment in favor of the holder hereof shall have been obtained, or until all remedies by appeal, writ of error, or other legal proceedings shall have been exhausted." With Johnson's consent the Medical Protective Company employed Ben S. Adams of Paducah to represent Johnson. As attorney for Johnson he accepted notice to take deposition and attended the taking, though he did not take any part in the proceedings. The notary certified that Adams agreed that the deposition might be read as evidence in the action, but this was denied by Adams and others who were present at the taking. However, Adams appeared in the Ballard circuit court and filed the following written motion:

"Now comes the defendant, Dr. J. S. Johnson, and without entering his appearance to this action enters this motion and moves the court to quash the general order of attachment that was sued out and issued in this action. Upon this motion the defendant prays the judgment of the court.

"J. S. Johnson,
"By Ben S. Adams, Attorney."

The court overruled the motion, to which ruling defendant objected and excepted and prayed an appeal to the Court of Appeals, which was granted. The court ruled that this action on the part of Johnson's attorney constituted a general appearance, and brought Johnson before the court for all purposes.

We shall first consider the propriety of this ruling. In Whiting v. Budd, 5 Mo. 443, it was held that the dissolution of an attachment which was granted was a sufficient appearance in court to authorize the court to proceed against the defendant in person and enter a default judgment against him for want of a plea. In the case of Evans v. King, 7 Mo. 411, an appearance to quash the

attachment "for reasons filed" was held to authorize a general judgment without personal service. In Robuck v. Rasmussen (Tex. Civ. App.) 251 S. W. 1115, the court held that a motion to quash the writ of attachment on the ground of a clerical error was an appearance for all purposes. In Will v. Whitney, 15 Ind. 194, the court said: "It seems that a motion to discharge an attachment cannot be made without full appearance." In People ex rel. Barnum v. District Court, 74 Colo. 48, 218 P. 912, it was held that, where the appearance, although specified as special, was not based on the lack of jurisdiction of the court, but on the ground that the issuance of the attachment was not in accordance with the applicable provisions of the statute, this constituted a general appearance giving rise to personal jurisdiction. And as pointed out in the note to Adams v. Trepanier Lumber Co., 117 Ohio St. 298, 158 N. E. 541, 55 A. L. R. 1118, the following cases hold that the court acquires personal jurisdiction where the defendant appears for the purpose of attacking the affidavit upon which the attachment was granted for irregularity, insufficiency, or falsity; Wood v. Young, 38 Iowa, 102; Gorham v. Tanquerry, 58 Kan. 233, 48 P. 916; Raymond v. Nix, 5 Okl. 656, 49 P. 1110; Savannah Grocery Co. v. Rizer, 70 S. C. 509, 50 S. E. 199. We think Kentucky falls within the class adhering to the above rule. In the early case of Duncan v. Wickliffe, 4 Metc. 118, the precise question was presented, and it there was held that the filing of the affidavit by the defendant controverting the ground upon which the attachment was issued, and praying for a discharge thereof, was a general appearance to the action.

In so far as we have been able to ascertain, the doctrine thus announced has never been departed from or modified in the least. On the contrary, we have steadily adhered to the rule that an appearance of the defendant in court for any purpose other than to object to the sufficiency of the service of summons by a motion to quash or other appropriate proceedings will be treated as a general appearance to the action. Martin v. Cole, 191 Ky. 418, 230 S. W. 535. The reason for the rule is this: The party challenging the jurisdiction of the court must object on that ground alone and keep out of court for every other purpose. If he goes into court and invokes its action for any purpose incompatible with the theory that the court has no power or jurisdiction on account of defective service of process, he thereby sub-

mits himself to the jurisdiction of the court for all purposes, and cannot insist thereafter that the court had no jurisdiction. Of course, where the act of counsel is such as to constitute a general appearance the legal effect of the act cannot be changed by specifying the appearance as special, or disclaiming any purpose to enter the appearance of the client. The case of Barbour v. Newkirk, 83 Ky. 529, when properly understood, does not announce a contrary doctrine. There the defendant was served with process, but in the wrong county, and thereafter a warning order issued on the ground that he was a nonresident. He appeared and at the outset challenged the jurisdiction of the court on the ground that neither the summons nor the warning order was sufficient. In the circumstances it was held that the motion to quash the return upon the summons and to set aside the warning order did not confer jurisdiction on the court.

But the point is made that the attorney who made the motion to discharge the attachment, and objected and excepted to the adverse ruling of the court, was not authorized to enter Dr. Johnson's appearance. In support of this position our attention has been called to the testimony of the attorney that he was employed to represent Dr. Johnson only in the event Dr. Johnson was brought before the court. In the consideration of this question the following facts must not be overlooked: Under the policy issued by the Medical Protective Company the company had agreed to defend and indemnify Dr. Johnson against any claim or suit for damages for malpractice, and the suit was of that character. Furthermore the company had agreed to assume full responsibility for the defense, and to retain local counsel, who, in conjunction with the legal department of the company, should defend without expense to Dr. Johnson, and to maintain the defense until final judgment in favor of Dr. Johnson was obtained, or until all remedies by appeal, writ of error, or other legal proceedings were exhausted. The company received notice of the suit. In conformity with its agreement it appointed Mr. Adams attorney to represent Dr. Johnson, and Dr. Johnson consented to the appointment. In the circumstances it was within the apparent scope of Mr. Adams' authority to take such steps as he deemed proper in Dr. Johnson's defense. Not only did he accept notice of the taking of depositions,

but he filed the motion to discharge the attachment, and objected and excepted to the adverse ruling of the court. After judgment was rendered against his client he made a motion to set it aside, and also instituted the independent action to enjoin the levy of the execution. Not only so, but he is now the attorney for Dr. Johnson on these appeals. In the circumstances Dr. Johnson cannot avoid the legal effect of his conduct in court upon a mere showing that counsel had the right to represent him only in the event that he was brought before the court. In our opinion it is the safer rule to hold that, where counsel has been employed and takes such steps as are usually taken by counsel in a similar action, his client, in the absence of fraud or other inequitable conduct, cannot escape the consequences of his acts by showing that his authority was limited by instructions not communicated to the opposing party or his counsel. Otherwise, it would be possible for an attorney to file an answer on behalf of a nonresident client and conduct the case until an adverse judgment was rendered and then defeat the judgment on the ground that his authority went no further than to represent his client when brought before the court.

The judgment in each case is affirmed.