ELLIOTT *v.* LOCKLAR.

Opinion delivered March 7, 1932.

270

*R. K. Mason* and *Gaughan, Sifford, Godwin &
Gaughan,* for appellant.

*Haynie, Parks & Westfall,* for appellee.

KIRBY, J.   The only question for determination here
is whether the setting aside and cancellation of a deed
made in fraud of judgment creditors bars the wife's
inchoate right of dower, she having joined in such con-
veyance relinquishing her right of homestead and dower.

Appellants insist that the court erred, after can-
celling the deed executed by herself and husband convey-
ing the lands to Miss Audrey Marks, and the one from
Miss Audrey Marks to intervener, Mrs. Flote Elliott, as
fraudulent conveyances, in decreeing that her right of
homestead and dower be subjected to the lien of appel-
lee's judgment and sold with the land in satisfaction
thereof, foreclosing and barring her rights therein.

The statutes provide for the endowment of the wife
in the lands whereof her husband was seized of an estate
of inheritance unless the same shall have been relin-
quished in legal form, and also that no conveyance of
such lands by the husband without the assent of his wife
evidenced by acknowledgment of such conveyance as re-
quired by law shall pass the estate of a married woman,
and no judgment or decree recovered against him shall
prejudice the right of his wife to her dower or preclude
her from recovery thereof if otherwise entitled thereto.

The general rule applicable herein is set out in 19
C. J., page 529, as follows:

"Although there is authority to the contrary, it is
very generally held that where a conveyance or deed exe-
cuted by a husband or wife is set aside as fraudulent as
to the husband's creditors, the wife's dower in the land
is restored.   It is not material whether she participates
in the fraudulent intent or not; in either case her right
to dower is revived."   See also *Rickett* v. *Bolton,* 173
Ky. 739, 191 S. W. 471; and *Huntzicker* v. *Crocker,*
153 Wis. 38, 115 N. W. 340, and cases cited therein.

Certainly when the deeds executed by her in relin-
quishment of her dower and homestead in his lands under

the statute are held to be void and set aside as fraudulent, they could be of no binding effect to convey her dower and homestead interest therein, and her status remained as though no such deeds had been executed so far as his said creditors are concerned.

Appellant waived no right by intervening in the cause nor was she put to any other action to determine whether she would defend the action as claiming to be the owner of the lands under a valid conveyance or claiming only the right to her dower and homestead interest therein upon the cancellation of the conveyance as fraudulent, the remedies being in no wise inconsistent.

The court erred in holding otherwise, and the decree is reversed and the cause remanded with directions to enter a decree in accordance with this opinion.