McCown *v.* Taylor.

4-2672

Opinion delivered October 17, 1932.

*Lake, Lake & Carlton,* for appellant.

*E. K. Edwards,* for appellee.

KIRBY, J., (after stating the facts). The legal principles governing transactions between husband and wife where the interest of third parties intervene are well settled by numerous decisions of this court. While such transactions are closely scrutinized, they are, when made in good faith and for a fair consideration, upheld by our court to the same extent as transactions between strangers. In *Mente* v. *Westbrook,* 181 Ark. 96, 24 S. W. (2d) 976, the court, discussing an alleged fraudulent conveyance between a husband and wife, said:

"It is also well settled that, if the evidence shows that the grantor had abundant means other than his property to satisfy all his creditors, the conveyance will not be declared fraudulent. It is also well settled that, to entitle a creditor to set aside a conveyance as fraudulent, it is necessary, not only that there be fraud on the part of the vendor participated in by the vendee, but also that there be an injury to the person complaining. The creditor who seeks to set aside a conveyance as fraudulent must show that his debtor has disposed of property that might otherwise have been subjected to the satisfaction of his debt. And not only that, but he must show that the debtor did not have other property sufficient to pay the creditor. * * * If the evidence shows that one had ample means to pay all his debts, the conveyance to his wife of property of small value, as compared with his whole

property, together with other facts tending to show good faith, would be sufficient to justify the conclusion that the transfer was not fraudulent.'' The opinion quotes extensively from 12 R. C. L. 513-514.

It has likewise been held that an insolvent husband may, without fraud, when justly indebted to his wife, prefer her claim to those of other creditors and make a valid appropriation of his property to pay it, notwithstanding the result be to deprive other creditors of means of satisfying all their claims. *Stallings* v. *Galloway-Kennedy Co.*, 171 Ark. 24, 283 S. W. 41. See also *Davis* v. *Yonge,* 74 Ark. 161, 85 S. W. 90; *Godfrey* v. *Herring,* 74 Ark. 186, 85 S. W. 232; *Driggs* v. *Norwood,* 50 Ark. 42, 6 S. W. 323, 7 Am. St. Rep. 78; *Taylor Com. Co.* v. *Bell,* 62 Ark. 26, 34 S. W. 80.

At the time of the agreement of conveyance of the lands in controversy to Mrs. McCown, in consideration of her execution of the mortgage on the home place and in satisfaction of the notes executed by McCown for the purchase money thereof and given to her by her mother, the testimony tends strongly to show, if there is no decided preponderance thereof, that McCown was worth much more than his indebtedness; and the virtually undisputed testimony shows that he was indebted to his wife in a sum aggregating about $4,000, the amount due on the notes that he executed to his mother-in-law, which were later given to his wife when he purchased the homestead. It is true that the value of his holdings was greatly diminished at the time of this conveyance because of the failure of many of the banks in which he held stock and the general existing financial depression, but it is virtually undisputed that he owed the amount of the notes given to his mother-in-law, and by her to appellant, at the time of the execution of the mortgage to the Bank of Dierks, when he agreed with his wife to convey the land in controversy to her in consideration of her joining in the execution of a mortgage of the home and in satisfaction of the notes held by her. The husband could not have incumbered or disposed of the homestead without the

consent of his wife, who could compel any reasonable terms as a condition for her joining in the execution of the mortgage, and the relinquishment of her dower and homestead rights in the conveyance would have been a sufficient consideration for his conveying the lands herein to his wife, as was agreed to be done. Section 5542, Crawford & Moses' Digest; *Davis* v. *Yonge, supra; Baucum* v. *Cole,* 56 Ark. 259, 19 S. W. 671; *Hershey* v. *Lathem,* 46 Ark. 542.

She not only joined in the execution of the mortgage, but surrendered the notes, valid claims against her husband for more than $4,000, and the value of the lands which he was to convey to her under the agreement at the time, the lands involved herein, was only three or four thousand dollars. McCown owned only an undivided two-thirds interest in the lands, which was subject to the dower rights of his mother and wife, and which would be restored to them upon cancellation of the conveyance herein; this without regard to whether she had participated in any fraudulent intent in the execution of the conveyance. *Elliott* v. *Locklar,* 185 Ark. 269, 46 S. W. (2d) 1105.

This was not a fraudulent conveyance as shown by a great preponderance of the testimony, nor was the agreement to make it, at the time of the wife's joining in the execution of the mortgage to the Bank of Dierks and her surrender of the valid notes against her husband in consideration thereof, made with any fraudulent intent to cheat, hinder or delay existing or subsequent creditors, and, in fact, no complaint of the transaction was made by any creditor existing at the time of such agreement to convey the lands, and the testimony does not warrant the finding that there was a fraudulent intent on the part of the wife to cheat, hinder or delay such subsequent creditors in the collection of their debts; the burden being upon them to show the existence of such intent. *Townes* v. *Krumpen,* 184 Ark. 910, 43 S. W. (2d) 1083; *Williams-Echols D. G. Co.* v. *Bloyd,* 169 Ark. 529, 276 S. W. 1; *Buchanan* v. *Williams,* 110 Ark. 335, 160 S. W. 190; *Mente*

& Co. v. *Westbrook, supra; Miles* v. *Monroe,* 96 Ark. 531, 132 S. W. 643.

The testimony is not sufficient to warrant the belief that McCown was influenced by fraudulent intent in making the conveyance of these lands, which should have been conveyed at the time of the agreement therefor, and the chancellor made no finding that Alta V. McCown, appellant, knew of, or participated in, any fraudulent design of her husband in making such conveyance, if he harboured any such intention. She had the right to expect the immediate conveyance of these lands upon execution of the mortgage with her husband to the Bank of Dierks and the surrender of the notes of her husband in accordance with the agreement, and delay in its execution was not through any fault of hers. She, in fact, thought the conveyance had been made, and, although she could have compelled its being done by a suit for specific performance, she was not at fault in not doing so, so long as she thought the conveyance had been made, as the husband indicated an intention to perform the agreement and make the conveyance, which should be regarded, so far as any intention on her part is concerned, to have been made and related back to the time of the agreement for the making of it. *Loftin* v. *King,* 185 Ark. 421, 47 S. W. (2d) 578; *Block* v. *Smith,* 61 Ark. 266, 32 S. W. 1070.

Under the circumstances of the whole transaction, the finding that appellant, Mrs. McCown, should be estopped from holding the property agreed to be transferred to her at the time of her joining in the execution of the mortgage to the Dierks bank because the conveyance was not sooner made is not warranted, and the chancellor erred in holding otherwise.

The decree is accordingly reversed, and the cause remanded with directions to enter a decree dismissing the complaint for want of equity.