UNITED STATES OZONE COMPANY *v.* MORRILTON ICE

COMPANY.

4-2731

Opinion delivered November 14, 1932.

*W. P. Strait,* for appellants.

*Robinson, House & Moses* and *Edward Gordon,* for appellees.

MEHAFFY, J. On June 28, 1926, the appellants sold to the Morrilton Ice & Fuel Company, Charles Daugherty and James Daugherty certain material for $2,020, who paid cash with the order $510, leaving a balance of $1,510. This sum was not paid, and on September 30, 1926, appellants filed suit in the Conway Chancery Court against the Morrilton Ice & Fuel Company and the Daughertys for the balance due and prayed judgment for the debt, interest and costs, and that a lien be declared, and the property described be sold to pay the indebtedness, interest and costs.

A decree was entered in favor of appellants for the indebtedness, a lien was declared, and the property was ordered sold. An appeal was taken to this court, and the case was affirmed here. *Morrilton Ice & Fuel Co.* v. *Montgomery,* 181 Ark. 180, 25 S. W. (2d) 15. The Morrilton Ice & Fuel Company was a partnership, composed of James Daugherty and W. Charles Daugherty.

Before the above case was determined, a corporation was organized by the Daughertys under the name of Morrilton Ice Company, and the property of the partnership was conveyed to this corporation in November, 1927. About December 5, 1925, W. Charles Daugherty and James Daugherty executed and delivered to the Bank of Morrilton a note for the sum of $10,000. The note became due and payable December 12, 1925, and bore interest at the rate of 10 per cent. per annum until paid. The mortgage was properly recorded, and it contained the following clause:

"This mortgage is also given to secure any other indebtedness that we, or either of us, may be due the said Bank of Morrilton at any time prior to a foreclosure of this instrument."

Thereafter, in February, 1926, the Bank of Morrilton made another loan of $12,000 which became due in February, 1927. This note also bore interest at the rate of 10 per cent. per annum until paid. There was still another loan made July 29, 1926, for $4,216, and this note also bore interest at the rate of 10 per cent. per annum until paid.

The Bank of Morrilton thereafter became insolvent, and the Bank Commissioner took charge and sold the assets of the Bank of Morrilton to the First State Bank of Morrilton. In October, 1927, the First State Bank of Morrilton assigned and delivered the notes above mentioned, together with the mortgage securing the payment of said notes, to the Bankers' Trust Company of Little Rock, Arkansas, and thereafter the Bankers' Trust Company transferred and assigned said notes and mortgage to the Southwest Public Service Corporation.

It is alleged by the intervener, Southwest Public Service Corporation, that there is still due $37,607.80, with interest at the rate of 10 per cent. per annum from November 1, 1930, until paid.

The assignment to the Bankers' Trust Company was as follows: "For value received, this note, together with all mortgage liens securing the payment of same, is hereby transferred and assigned to the Bankers' Trust Company without recourse on the First State Bank."

This suit was begun by appellants in the Conway Chancery Court, who alleged the indebtedness of $1,510 with interest, for which they had a materialman's lien; that the lien had been foreclosed, the property ordered sold, and appeal taken to this court, where the judgment was affirmed. They also alleged the indebtedness claimed by the interveners and their mortgage were fraudulent and void, and that the transfers were fraudulent and void,

and it was further alleged that the debt to the Bank of Morrilton had been paid.

The defendants in the action, Morrilton Ice & Fuel Company and the Daughertys, filed answer denying the material allegations of the complaint. The Southwest Public Service Corporation filed an intervention alleging the indebtedness above set out, and the case was tried on the evidence of witnesses and the notes and mortgage and assignments thereof.

There is some conflict in the evidence, and the chancellor entered a decree in favor of the appellees, thereby holding that the intervener's lien was superior to appellants' lien. There were some charges of fraud in the transfer of certain property to Daisy Hines Daugherty, wife of W. Charles Daugherty, but these questions are not argued by appellants, and we will not discuss them. The only question for our consideration is, whether the appellees' lien is prior to the mechanic's lien established by appellants.

As we have already said, there is some conflict in the evidence, and there is no question about the priority of appellees' lien, unless appellants have established fraud.

It is contended by the appellants that, at the time the Morrilton Ice Company was organized as a corporation and issued shares, the appellants had a valid, subsisting lien on the new ice plant, and they contend that the pendency of their suit is constructive notice of the matters involved in the suit.

This is true, but the mortgage now held by appellees was executed to the Bank of Morrilton prior to the time of the bringing of the suit, and also prior to the time that appellants purchased the property for which they claim and have established a lien, and, unless there was some fraud, either in the debt, notes and mortgage, or the transfers, then unquestionably the mortgage lien would be prior to appellants' lien, so that, after all, it is a question of fraud.

If the transactions described by appellants were in good faith, and such transactions took place prior to the

rights of the appellants, the appellants would have no right to complain, and appellees' mortgage would have priority.

Appellants call attention to many authorities which we do not deem it necessary to discuss, because there is no dispute about the law. We do not deem it necessary to set forth the evidence, because, as we have already said, there was some conflict, and the only question is whether or not the evidence established fraud. Fraud is never presumed, but must be affirmatively proved, and the burden of proving fraud is upon the party who alleges it and relies on it. 27 C. J. 44 *et seq.*

Whether or not there has been fraud in any case is usually a question of fact. Fraud is a question of law only when the facts are undisputed and but one reasonable conclusion can be reached from the evidence, or where there is an entire failure to sustain the issue. 12 R. C. L. 444-445.

The rule is well established in this court that the finding of the chancellor on questions of fact will not be set aside by this court unless we can say that the finding of the chancellor is against the preponderance of the evidence.

We have very carefully examined the evidence, and have reached the conclusion that the finding of the chancellor is not against the preponderance of the evidence, and the decree is therefore affirmed.