STRINGER *v.* GEORGIA STATE SAVINGS ASSOCIATION
OF SAVANNAH.

4-9458                                    238 S. W. 2d 629

Opinion delivered March 26, 1951.
Rehearing denied April 23, 1951.

*Gordon & Gordon* and *John G. Moore,* for appellant.
*J. M. Smallwood,* for appellee.

GEORGE ROSE SMITH, J. This is a foreclosure suit filed by the appellees seventeen years ago, on March 23, 1934. The plaintiffs sought to foreclose the lien of a deed of trust which M. Reich and his wife had executed in 1929 to secure a debt of $1,800. The Reichs made no defense, but the suit was resisted by the appellants, W. H. Stringer and his wife. In 1933 Stringer acquired a tax title to the two lots conveyed by the deed of trust and has been in possession ever since. The chancellor held the tax title void and ordered foreclosure.

On this appeal the appellants do not argue the case on its merits but insist that the decree should be reversed because (a) the original complaint that was filed in 1934 was fraudulently withdrawn from the court files and replaced by a substituted complaint containing different allegations, and (b) the plaintiffs were guilty of laches in failing to bring the case to trial during a long period of years.

In order to show that the court files were tampered with the appellants have brought up the original documents for our examination. The ostensible complaint is a seven-page document that was obviously typed on a single typewriter, on sheets that bear identical watermarks. There is nothing in the appearance of the paper or typing to indicate that all seven pages were not typed at the same time.

The appellants proved, however, that their original attorney, Edward Gordon, Sr., had obtained from the clerk a carbon copy of the complaint. This copy is only four pages long and lacks the detailed attack on the appellants' tax title that is contained in the seven-page complaint. The first two pages of Mr. Gordon's copy are indisputably carbon copies of the first two pages of the original, but the remaining pages of the two documents are entirely dissimilar. It is the appellant's theory that an agent of the appellees fraudulently altered the complaint in order to assert a new cause of action after the statute of limitations would have barred such an amendment. The appellants disclaim any intimation that

either the appellees' original attorney or their present one had any part in the asserted fraud.

For either of two reasons we are unable to accept the appellants' theory. First, circumstantial evidence to establish fraud must be so strong and well connected as clearly to show fraud. *DuFresne* v. *Paul,* 144 Ark. 87, 221 S. W. 485. Here the implications of fraud are quite inconclusive. The last page of the ostensible complaint is signed by J. W. Johnston as attorney, verified by D. O. C. Cleveland, the appellees' Arkansas representative, and attested by a notary public. Thus three persons must have participated in this alleged wrongdoing for the facts to have been as the appellants now argue. Cleveland testified that as far as he knew the complaint was signed on the date that it bears, March 23, 1934. He also produced from his files an exact carbon copy of the longer complaint, which he had obtained from Mr. Johnston when the latter withdrew from the case in 1944. With Johnston exonerated of any complicity in the matter it is difficult to see how this copy came to be in his files unless it is genuine. On the whole it seems to us much more likely that the complaint was partly retyped before it was filed and that by mistake a carbon copy of the complaint as originally drawn was filed.

The appellants also rely on the fact that the exhibits to the complaint were verified in Savannah on March 28, five days after the suit was filed. This circumstance is also susceptible of an innocent explanation. The complaint was evidently prepared hurriedly, blanks having been left and filled in with ink. The State's tax title had been confirmed on March 23, 1933, and the suit was filed a year later to the day. It is quite possible that Johnston was afraid to wait more than a year after confirmation to bring his suit, and therefore filed his complaint without waiting for the exhibits to arrive from Georgia. The tardy filing of exhibits is hardly a basis for dismissing the entire suit.

Second, the asserted substitution did not assert a new cause of action. Mr. Gordon's copy of the complaint stated that Stringer claimed some interest in the prop-

erty under a tax certificate dated March 27, 1933, and that he was joined as a defendant that his rights might be adjudicated. Part of the prayer was that the plaintiffs' lien be declared superior to any interest held by Stringer. These allegations would certainly have been good against demurrer, and all that the longer complaint did was to make them more specific. For these reasons we do not think the appellants have been hurt by any substitution that may have occurred.

Nor do we see how the appellants can complain that the case was not brought promptly to trial. They had been served with summons and knew that the suit was pending. During the years the case lay dormant they filed no motion to dismiss it for want of prosecution nor made any effort to bring the matter to trial. The delay was an indulgence to the mortgagors, and for all that the record shows it was fully acquiesced in by the appellants. That the appellants repaired and improved the property while occupying it rent-free for seventeen years is not a basis for a finding of laches, since they must be taken to have risked the possibility of the plaintiffs' prevailing.

Affirmed.