HARRIS *v*. SHAW.

5-493                                                      272 S. W. 2d 53

Opinion delivered November 1, 1954.

*Gordon B. Carlton* and *Bobby Steel,* for appellant.

*W. G. Spencer,* for appellee.

MINOR W. MILLWEE, Justice. This is a suit by appellee under Ark. Stats., § 68-1302,[1] to set aside certain chattel mortgages and bills of sale as having been made with the intent to hinder, delay and defraud appellee and other creditors of Mrs. Madeline M. Longan. The sole issue on this appeal is the sufficiency of the evidence to sustain the decree granting the relief prayed.

Mrs. Longan owned and operated the Rose Hill Motel in Mena, Arkansas, in 1951 and 1952. During this period she became involved in domestic difficulties culminating in the divorcing of her husband in July, 1951, and the accumulation of numerous debts which exceeded the value of the motel properties. Appellee, a Mena attorney, represented Mrs. Longan throughout the divorce proceedings and in numerous lawsuits and threatened actions by various creditors and lienholders. In May, 1952, Mrs. Longan gave appellee a note and mortgage in the amount of $1,000.00 for his fee, and on December 15,.

---

[1] The section reads: "Every conveyance or assignment, in writing or otherwise, of any estate or interest in lands, or in goods and chattels, or things in action, or of any rents issuing therefrom, and every charge upon lands, goods or things in action, or upon the rents and profits thereof, and every bond, suit, judgment, decree or execution, made or contrived with the intent to hinder, delay or defraud creditors, or other persons of their lawful actions, damages, forfeitures, debts or demands, as against creditors and purchasers prior and subsequent, shall be void."

1952, appellee obtained a judgment against Mrs. Longan in the Circuit Court on said note. When appellee had a writ of attachment issued against the motel furnishings in the circuit court action, appellant, George E. Harris, intervened, claiming title to said property under a chattel mortgage and bill of sale given him by Mrs. Longan. Appellee then dismissed the attachment without prejudice and instituted the instant suit on January 19, 1953, and another attachment was issued and served upon Mrs. Longan and Harris.

There was introduced at the trial one chattel mortgage covering the motel furnishings from Mrs. Longan to Harris for $2,000.00 dated March 1, 1952, but acknowledged and filed for record September 22, 1952. A similar mortgage on the same property but for $4,500.00 and bearing date of March 12, 1952, was also introduced. Harris has been employed for several years as an auto mechanic for Barham Motor Company at Mena at a salary of $35.00 to $45.00 per week. He testified that he let Mrs. Longan have $2,000.00 in cash March 1, 1952, and that she executed the first unacknowledged mortgage on that date, and that three or four days later she returned and said she had to have $2,500.00 more because some man in Kansas City or St. Louis had a mortgage on the furnishings. Although he only had $1,000.00 left, he said he borrowed $1,500.00 in three five hundred dollar bills from appellant, Faye Littleton, and her husband, and gave the $2,500.00 in cash to Mrs. Longan when she executed the $4,500.00 note and mortgage on March 12, 1952. According to Harris this note and mortgage included the amount of the first loan but there is nothing in the instrument so indicating. Harris was unmarried and kept company with Mrs. Longan after her divorce and they were close friends and associates of Mr. and Mrs. Littleton.

Mrs. Littleton corroborated the testimony of Harris and introduced an unsecured note for $1,500.00 dated March 8, 1952, which Harris gave the Littletons on that date. There was also introduced a bill of sale of the chattels in controversy from Mrs. Longan to Harris dated

October 3, 1952, witnessed by Mr. and Mrs. Littleton, filed for record December 30, 1952, and reciting that it was in satisfaction of the $2,000.00 chattel mortgage dated March 1, 1952. A similar bill of sale was introduced dated November 13, 1952, reciting that it was in satisfaction of the mortgage dated March 12, 1952. A bill of sale covering the same property from Harris to the Littletons dated January 17, 1953, was also introduced.

In the fall of 1952 Mrs. Longan closed the motel and moved part of the furnishings to her home in Mena where it remained for 2 or 3 months when it was moved to the Littleton home. Most of the furnishings were later moved to a business building in Mena where they were stored until January 19, 1953, when they were sold at a public auction arranged by Harris. The chattels stored at the Littleton home were sold at auction on February 2, 1953. Mrs. Longan left Polk County the next day and has not been heard from since. Although she was served with summons she did not appear in the instant suit. After the sales she took up several bad checks given by her on a local bank which were held for collection by the sheriff of Polk County. Mrs. Littleton testified that she paid Harris an additional $500.00 when he executed the bill of sale to the Littletons on January 17, 1953. Harris stated that he had turned the sale proceeds over to the Littletons before he was served with a writ of attachment on the day of the sale at Mena but there was other evidence to the contrary. The chattels brought an ''average price'' and the total proceeds of both sales amounted to approximately $2,000.00, or less than half the alleged indebtedness secured by the chattel mortgages.

M. E. Drake is office manager of the motor company where Harris is employed. He is also a notary public and took the acknowledgments to the two chattel mortgages and the second bill of sale from Mrs. Longan to Harris. In opposition to the testimony of Harris and Mrs. Littleton, he testified that both chattel mortgages were signed by Mrs. Longan in his presence when the acknowledgments were taken on September 22, 1952, and not in March of that year. Drake appeared to be a wholly

disinterested witness and his "honesty and truthfulness" were frankly admitted by Harris.

Mrs. Longan held frequent conferences with appellee during 1951 and 1952 regarding numerous pending and threatened suits against her by various creditors representing a total indebtedness against the motel of $32,-750.00 which was considerably more than the property was worth. She would also confer with appellee when she had a prospective buyer for the property. In these conferences she would give appellee a list of all debts against the properties and definitely assure him that there were no other debts. At no time did she ever list or mention any indebtedness to Harris. At their last conference about October 14, 1952, she still claimed the motel furnishings, and told appellee about moving them to the Eddy building in Mena. After the instant suit was filed appellee had a conversation with Mrs. Littleton in which the latter inquired about the motel property but did not mention any indebtedness due by Mrs. Longan either to Harris or the Littletons. Nor did either Mrs. Longan or her husband ever mention to appellee any debt of $4,500.00 to some man in Kansas City or St. Louis.

Mrs. Littleton is a school teacher and licensed as a real estate agent. Although she talked to Mrs. Longan about selling the property in the summer of 1952 she testified that she did not tell Mrs. Longan of the $1,500.00 loan to Harris. She and Harris both testified that they engaged in the business of lending money but there was no evidence of any other loans made by them. Mrs. Littleton also knew that Mrs. Longan was financially embarrassed and trying to conceal some of her debts and that Mrs. Longan did not want her to contact appellee about her business because he was "too honest." There was no identification of the party who prepared the various chattel mortgages and bills of sale in question.

The Chancellor concluded from all the evidence that the transactions between Mrs. Longan and the other defendants were the result of a fraudulent scheme whereby the mortgages and bills of sale were executed without

consideration and with the fraudulent intent to delay and defeat appellee and other creditors of Mrs. Longan. We do not concur in appellants' contention that the evidence is insufficient to support this conclusion. It is true that in suits of this kind fraud is never presumed but must be affirmatively proved by a clear preponderance of the evidence by the party who alleges and relies on it. *U. S. Ozone Co.* v. *Morrilton Ice Co.,* 186 Ark. 485, 54 S. W. 2d 282. We have also held that while fraud may be established by circumstantial evidence, the circumstances must be so strong and well connected as to clearly show fraud. *Du Fresne* v. *Paul,* 144 Ark. 87, 221 S. W. 485; *Stringer* v. *Georgia State Savings Association of Savannah,* 218 Ark. 683, 238 S. W. 2d 629.

There are certain circumstances which so frequently attend conveyances or transfers to defraud creditors that they are recognized as badges or indicia of fraud. 37 C. J. S., Fraudulent Conveyances, § 79. One of the most important of these is the insolvency or indebtedness of the transferrer. Others are inadequate or fictitious consideration, retention by the debtor of the property, the pendency or threat of litigation, secrecy or concealment, and the fact that the disputed transactions were conducted in a manner differing from the usual business practice. 24 Am. Jur., Fraudulent Conveyances, §§ 14 and 17; Moore on Fraudulent Conveyances, Vol. 1, p. 222; *Godfrey* v. *Herring,* 74 Ark. 186, 85 S. W. 232; *Fromholtz* v. *Trimble,* 140 Ark. 282, 215 S. W. 623; *Harmon* v. *McSpadden,* 174 Ark. 184, 295 S. W. 353. In our opinion the facts and circumstances in this case clearly established the concurrence of all these indicia and afford a sound basis for the court's decree.

Affirmed.