15 F.3d 756
 73 A.F.T.R.2d 94-1223, 94-1 USTC P 50,057
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kermit BRYANT; Frances Bryant; The Bryant Family Trust;
and Phil Bryant, Renee B. Stacks, Rhonda
Frederick, and Debbie Herndon, as
Trustees for the Bryant Family
Trust, Defendants-Appellants.
 No. 93-2510.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 11, 1994.
Decided Feb. 1, 1994.
 
 Counsel who presented argument on behalf of the appellants was Richard Hatfield of Little Rock, Arkansas. The names of Richard F. Hatfield and Thomas J. Swearingen of Little Rock, Arkansas, appear on the brief of the appellants.
 Counsel who presented argument on behalf of the appellee was David Shuster of Washington, DC. The names of Michael L. Paup, Gary R. Allen, Jonathan S. Cohen and David A. Shuster of Washington, DC, appear on the brief of the appellee.
 Before MAGILL and LOKEN, Circuit Judges, and EISELE,* Senior District Judge.
 LOKEN, Circuit Judge.
 
 
 1
 This is an action by the United States under 26 U.S.C. Secs. 7401 and 7403 to set aside a fraudulent conveyance and to foreclose federal tax liens on the conveyed properties. In November 1985, Kermit Bryant pleaded guilty to a criminal tax violation and promised, as a condition of probation, to "pay all taxes, penalties, and interest correctly assessed by the Internal Revenue Service." Bryant and his wife, Frances, then filed a petition in the Tax Court contesting $464,918.21 in proposed tax deficiencies and penalties for the tax years 1977-1980 and 1982.
 
 
 2
 On April 25, 1987, in the transaction here at issue, the Bryants conveyed substantially all their real and personal property in trust to their four children; in exchange for $10, the trust received properties having a value of at least $450,000, including the Bryants' home in which they continued to reside. In October 1988, pursuant to a settlement agreement signed by both Kermit and Frances Bryant, the Tax Court entered a final judgment determining the challenged tax deficiencies. The IRS then made assessments in excess of $700,000; the Bryants responded by executing a Collection Information Statement disclosing total assets of less than $8,000.
 
 
 3
 The government commenced this action to have the conveyance in trust declared fraudulent so that it may foreclose upon the trust properties. The government moved for summary judgment. In response, the Bryants argued that there were genuine issues of material fact regarding whether Mrs. Bryant is entitled to the innocent spouse defense, see 26 U.S.C. Sec. 6013(e)(1), and whether the conveyance in trust was fraudulent. The district court[1] granted the government's motion, concluding that Mrs. Bryant was barred by the Tax Court's earlier decision from raising the innocent taxpayer defense and that the conveyance was fraudulent as a matter of law under governing Arkansas law. The Bryants appeal, arguing the two issues decided by the district court. We affirm.
 
 
 4
 1. Mrs. Bryant joined in petitioning the Tax Court to redetermine proposed tax deficiencies and penalties asserted against her and her husband. The Tax Court ultimately entered a final decision determining the Bryants' tax liabilities for the tax years at issue. The doctrine of res judicata bars Mrs. Bryant from now relitigating claims and defenses that were raised or that could have been raised in the Tax Court. See Commissioner v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). The doctrine applies, at least with respect to the tax years at issue, even though the Tax Court's final decision was entered pursuant to an agreement between the parties. See United States v. International Bldg. Co., 345 U.S. 502, 505-06, 73 S.Ct. 807, 809, 97 L.Ed. 1182 (1953). The district court correctly concluded that Mrs. Bryant is barred from raising the innocent spouse defense to the tax deficiencies and penalties determined by the Tax Court.[2] Accord Edwards v. United States, 792 F.Supp. 474 (W.D.Va.1991); see also United States v. Maxwell, 459 F.2d 22 (5th Cir.1972) (taxpayers' failure to appeal Tax Court decision bars relitigation of tax liability on innocent spouse theory).
 
 
 5
 2. Arkansas law determines whether the United States as a tax creditor may set aside the Bryants' conveyance in trust as fraudulent. See United States v. Ressler, 433 F.Supp. 459, 463 (S.D.Fla.1977), aff'd, 576 F.2d 650 (5th Cir.1978), cert. denied, 440 U.S. 929, 99 S.Ct. 1265, 59 L.Ed.2d 485 (1979). The Arkansas statute applicable when the transfer was made provided that "[e]very conveyance ... made or contrived with the intent to hinder, delay or defraud creditors ... shall be void." Ark.Stat.Ann. Sec. 68-1302 (Repl.1979) (repealed and replaced by Sec. 4, Ark.Act No. 967 of 1987, Ark.Code Ann. Sec. 4-59-204). We review the district court's interpretation of this Arkansas statute and the court's decision to grant summary judgment de novo.
 
 
 6
 The Supreme Court of Arkansas has recognized certain indicia of fraudulent intent, including "insolvency or indebtedness of the transferor, inadequate or fictitious consideration, retention of property by the debtor, the pendency or threat of litigation, secrecy or concealment, and the employment of unusual business practices." Clark v. Bank of Bentonville, 308 Ark. 241, 824 S.W.2d 358, 361 (1992); see Harris v. Shaw, 224 Ark. 150, 272 S.W.2d 53, 55-56 (1954). Transfers to a debtor's family members are particularly suspect:
 
 
 7
 [C]onveyances by an embarrassed debtor to his near relatives are presumably fraudulent, and when the debtor's condition proceeds, as here, to the point of insolvency, such conveyances are conclusively presumed fraudulent.
 
 
 8
 Clark, 824 S.W.2d at 362; see also United States v. Johnston, 245 F.Supp. 433, 440-41 (W.D.Ark.1965).
 
 
 9
 In this case, after careful review of the record, we agree with the district court that the Bryants' conveyance of substantially all their real and personal property to their children in trust, for nominal consideration, when litigation over substantial tax deficiencies and penalties was pending, exhibited all or virtually all of the indicia of fraud recognized in these prior cases. Kermit Bryant's response--that he had a heart attack in 1985 and the conveyance was motivated by bona fide estate planning considerations--was inadequate to avoid summary judgment in favor of the government under these well established principles of Arkansas fraudulent conveyance law.
 
 
 10
 The judgment of the district court is affirmed.
 
 
 
 *
 The HONORABLE G. THOMAS EISELE, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation
 
 
 [1]
 The HONORABLE H. FRANKLIN WATERS, Chief Judge of the United States District Court for the Western District of Arkansas
 
 
 [2]
 The Tax Court decision determined the Bryants' income tax obligations for the years 1977, 1978, 1979, 1980, and 1982. The IRS has since made tax assessments against the Bryants for subsequent tax years. So long as the government's foreclosures are limited to collecting taxes for the tax years determined by the Tax Court, the innocent spouse defense is barred. We do not consider whether Mrs. Bryant could assert that defense if her tax liabilities for those years are satisfied and the government seeks additional foreclosures to collect for other years