T.C. Memo. 2007-156

UNITED STATES TAX COURT

VICTORIA RAE MOORE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7878-06.                    Filed June 19, 2007.

Victoria Rae Moore, pro se.

<u>Nhi T. Luu</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  In a petition filed April 27, 2006, petitioner alleged that respondent abused his discretion in denying her relief under section 6015[1] from joint income tax

_____

    [1] All section references are to the Internal Revenue Code in effect for the period under consideration, and all Rule references are to the Tax Court's Rules of Practice and Procedure, unless otherwise indicated.

liabilities for 1992, 1993, 1994, and 1997.  On October 4, 2006, respondent's Motion for Summary Judgment was filed.  The issues remaining for our consideration are (1) whether this case is ripe for summary judgment; and (2) whether petitioner is barred by the doctrine of res judicata from seeking section 6015 relief, or more particularly, whether she "meaningfully participated" in two prior Tax Court proceedings which resolved her tax liabilities for the 1992, 1993, 1994, and 1997 tax years.

## Background

Petitioner and her former husband (the Moores) filed joint Federal income tax returns for their taxable years 1992, 1993, 1994, and 1997.  On each of those joint returns, the Moores claimed partnership losses from cattle breeding.  The partnerships were formed, promoted, and operated by Walter J. Hoyt, III.[2]

---

[2]  From about 1971 through 1998, Hoyt organized, promoted, and operated more than 100 cattle breeding partnerships. Hoyt also organized, promoted, and operated sheep breeding partnerships.  From 1983 to his subsequent removal * * * [around 2000], Hoyt was the tax matters partner of each Hoyt partnership.  From approximately 1980 through 1997, Hoyt was a licensed enrolled agent, and as such, he represented many of the Hoyt partners before the Internal Revenue Service (IRS).  In 1998, Hoyt's enrolled agent status was revoked. Hoyt was convicted of various criminal charges in 2000.

Johnson v. Commissioner, T.C. Memo. 2007-29.

By means of an October 2, 1996, determination, respondent disallowed the Moores' claimed partnership losses and determined income tax deficiencies, additions to tax, and penalties for the taxable years 1992, 1993, and 1994. By means of an October 30, 2002, determination, respondent disallowed the Moores' claimed partnership losses for 1997 and determined an income tax deficiency and penalties for that year. The Moores carried back some of those losses to their 1987 through 1991 tax years.

On December 23, 1996, the Moores petitioned the Tax Court seeking review of respondent's October 2, 1996, determination. That case was assigned docket No. 27274-96. Among other allegations, the Moores contended in docket No. 27274-96 that the 3-year period for assessment had expired, but no claim for relief was alleged under section 6013(e).[3] Initially, the Moores were pro se in docket No. 27274-96 and on July 27, 1998, entries of appearance were filed on behalf of the Moores by Attorneys Wendy S. Pearson and Terri A. Merriam. Attorney Merriam filed an amendment to the petition on August 24, 1998, alleging an alternative legal theory, but no mention of section 6013(e) or innocent spouse relief was contained in the amended pleading.

---

[3] Sec. 6013(e) was the predecessor to sec. 6015 allowing, under certain circumstances, relief from joint and several tax liability. At times, these provisions were referred to as "innocent spouse" provisions.

On July 30, 2002, Jennifer A. Gellner filed an entry of appearance on behalf of the Moores in docket No. 27274-96, and on that same date she filed a status report with the Court. On January 27, 2003, Attorneys Pearson, Merriam, and Gellner, filed a petition regarding the Moores' 1997 tax year in response to the October 30, 2002, notice issued by respondent. That case was assigned docket No. 1460-03. In that petition it was alleged that the Moores were entitled to a theft loss for 1997, but no section 6015 relief from joint and several liability was alleged.

On August 7, 2003, respondent's counsel in docket No. 1460-03 sent a letter to the Moores' attorneys listing the issues in that case and asking whether the list was accurate and complete. Relief from joint and several tax liability was not listed as an issue in the case. It was also requested that the letter be forwarded to petitioner and her husband if their attorneys withdrew from the case. On August 14, 2003, Attorneys Pearson, Merriam and Gellner moved to withdraw as counsel of record, and their motions were granted August 18, 2003.

Thereafter, respondent sent petitioner two letters (August 25 and September 5, 2003) requesting that respondent be notified of petitioner's position in the case. In a letter dated September 4, 2003, petitioner stated: "I feel I should get the same settlement that the other Hoyt partners get" and "I was an

innocent spouse and didn't find out until years later it was a scam."

On September 8, 2003, respondent's counsel mailed petitioner a letter, with respect to both docketed cases, advising that if she believed she was entitled to section 6015 relief, she should amend her pleadings. In addition, respondent's counsel sent petitioner a copy of the text of section 6015 along with that letter. On September 18, 2003, respondent's counsel spoke with petitioner by telephone to arrange a meeting, and in that conversation, petitioner acknowledged that she had read section 6015 provided with the September 8, 2003, letter. A pretrial meeting was held on September 30, 2003, and at that meeting petitioner informed respondent's counsel that she would notify respondent if she intended to concede the two Tax Court cases.

On October 9, 2003, petitioner engaged in a telephone conversation with Mr. Moore, respondent's counsel, and the Court. During that conversation, respondent's counsel advised the Court that she believed that the assessments of the tax for the taxable years 1987 through 1991 might have been barred by the running of the period for assessment. Thereafter, both of petitioner's cases were set for trial on July 26, 2004, at Portland, Oregon. On April 29, 2004, respondent's counsel spoke with petitioner, who advised that she intended to settle the pending cases. On May 18, 2004, respondent conceded, by means of an amended answer,

the period for assessment had expired with respect to the Moores'
tax years 1987 through 1991.

Petitioner and Mr. Moore executed settlement documents
resolving all of the issues in the cases pending before the
Court. On August 6 and August 11, 2004, the Court entered
decisions in the cases bearing docket Nos. 27274-96 and 1460-03,
respectively, setting forth income tax deficiencies and penalties
for tax years 1992, 1993, 1994, and 1997. On December 28, 2004,
the income tax deficiencies and penalties were assessed against
petitioner for her 1992, 1993, 1994, and 1997 tax years.

On or about August 9, 2005, petitioner, by means of a Form
8857, Request for Innocent Spouse Relief, sought relief from
joint and several liability for her 1992, 1993, 1994, and 1997
tax years.[4] Following respondent's denial, petitioner filed a
petition with this Court instituting this proceeding.

## Discussion

Petitioner was a participant in two prior Tax Court
proceedings in which she and Mr. Moore ultimately agreed to
income tax deficiencies and penalties. Based on the Moores'
agreement with respondent, the Court entered decisions for the
income tax deficiencies and penalties. Respondent assessed the
tax and penalties, and petitioner subsequently sought relief from

---

[4] Petitioner did not seek relief for years prior to 1992 due
to respondent's concession that the period for assessment had
expired with respect to those years.

joint and several liability under section 6015 in this stand-alone proceeding. Respondent moved for summary judgment, contending that petitioner is barred under the principles of res judicata from relitigating these same tax years.

Summary Judgment

Summary judgment is appropriate if there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). In this case there is no apparent disagreement about the material facts and circumstances in the controversy. Although petitioner contends that she did not fully understand the legal nuances and some of the procedural aspects of the deficiency suits, there is no disagreement about what occurred. Petitioner was informed about section 6015 and the need to amend her pleadings prior to the time that she agreed to settle the joint income tax liabilities for the years under consideration. Respondent's counsel had referenced the potential for section 6015 relief, and petitioner was sent a copy of the statute. Petitioner does not deny those facts, but instead she contends that she did not fully understand the legal or procedural nuances.

Her lack of understanding did not keep her from raising a claim for relief in the prior Tax Court cases. She understood that relief was available when she settled the income tax cases.

She resolved the cases at the urging of Mr. Moore, but was informed about the possibility of relief as an "innocent spouse". With that factual background, this case is ripe for resolution by means of summary judgment. Petitioner has made no allegations or showing that the facts are materially different from those presented by respondent in his summary judgment motion. See <u>Reid v. Sears, Roebuck & Co.</u>, 790 F.2d 453, 459-460 (6th Cir. 1986); see also <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-250 (1986).

<u>Res Judicata</u>

Respondent contends that petitioner is barred under the principles of res judicata from seeking relief from joint and several liability under section 6015. There is no question that petitioner's claim for relief in this case involves the same taxable years and liabilities as the deficiency suits. There is also no question that the parties are the same in this proceeding as in the prior two and that the decisions in the prior proceedings are final.

The only question concerns whether the exception to the principle of res judicata contained in section 6015(g)(2) applies. Section 6015(g)(2) provides that res judicata does not apply if qualification of the individual for relief was not an issue in the prior proceeding and if the individual did not participate meaningfully. It is petitioner's burden to show by a

preponderance of the evidence that she did not meaningfully participate in the prior proceedings.  Huynh v. Commissioner, T.C. Memo. 2006-180; Monsour v. Commissioner, T.C. Memo. 2004-190.

A taxpayer who has filed a joint return may seek relief from joint and several liability by following procedures established in section 6015.  Section 6015 may apply to a tax liability that arose after July 22, 1998, and also to a tax liability that arose on or before such date and remained unpaid as of July 22, 1998.  See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201(g)(1), 112 Stat. 740; Vetrano v. Commissioner, 116 T.C. 272, 277 (2001).

The doctrine of res judicata provides that, when a court of competent jurisdiction enters a final judgment in a cause of action, the parties are bound "'not only as to every matter which was offered and received * * * but as to any other admissible matter which might have been offered for that purpose.'" Commissioner v. Sunnen, 333 U.S. 591, 597 (1948) (quoting Cromwell v. County of Sac, 94 U.S. 351, 352 (1877)).  The doctrine also applies where the Court's final decision was based on an agreement between the parties.  See United States v. Bryant, 15 F.3d 756, 758 (8th Cir. 1994).

Section 6015(g)(2) provides that, in the case of an election under section 6015(b) or (c) for any taxable year that is the

subject of a final court decision, such decision shall be conclusive unless the individual's qualification for relief was not an issue in the prior court proceeding and the individual did not "participate meaningfully" in the prior proceeding. In Vetrano v. Commissioner, supra at 278, we explained that

> an individual who participated meaningfully in a court proceeding is precluded from electing relief under section 6015(b) or (c) for the same taxable year after the decision of the court becomes final, whether or not the individual's qualification for relief under section 6015(b) or (c) was an issue in the prior proceeding. * * *

Petitioner argues that her level of involvement in the prior case was not "meaningful" for purposes of section 6015(g)(2) because she: (1) Was not well informed about section 6015 relief, (2) was, at times, represented by counsel who were representing a large group of taxpayers; and (3) she followed Mr. Moore's advice to settle. In effect, petitioner contends that she was not involved in discussions about and/or that she was not knowledgeable about law or procedure.

Section 1.6015-1(e), Income Tax Regs., provides:

> (e) Res judicata and collateral estoppel.--A requesting spouse is barred from relief from joint and several liability under section 6015 by res judicata for any tax year for which a court of competent jurisdiction has rendered a final decision on the requesting spouse's tax liability if relief under section 6015 was at issue in the prior proceeding, or if the requesting spouse meaningfully participated in that proceeding and could have raised relief under section 6015. A requesting spouse has not meaningfully participated in a prior proceeding if, due to the

effective date of section 6015, relief under section 6015 was not available in that proceeding.  * * *

In this case, petitioner and Mr. Moore were embroiled in a protracted controversy with respondent involving their "tax shelter" partnership losses.  The controversy covered the tax decade including the years 1987 through 1997.  Respondent's counsel, in October 2003, advised the Court that the period for assessment had expired for the 1987 through 1991 tax years, and, ultimately, respondent conceded the disputed deficiencies attributable to those years.  Petitioner and her husband filed their petition pro se in the first of their deficiency suits and then, after approximately 2 years, became represented therein by attorneys.

Petitioner and her husband remained represented through the filing of the petition in their second deficiency suit until August 2003 when their attorneys were permitted to withdraw as counsel of record.  It was after the withdrawal of their attorneys that settlement with the Government was discussed with petitioner and Mr. Moore and the cases were resolved by agreement of the parties.  Prior to executing the settlement, petitioner, who was divorced from Mr. Moore, was sent letters from respondent's counsel alerting her to the need to amend her pleadings if she wished to allege that she was entitled to relief from the joint and several liability under section 6015.  In addition, petitioner was sent a copy of the text of section 6015.

Petitioner engaged in a conversation about section 6015 with respondent's counsel, but respondent's counsel declined to provide petitioner with further advice about how and/or whether to proceed to amend her pleading to allege section 6015 relief. Petitioner also was being urged by Mr. Moore to resolve the case, and she took his advice.

Petitioner contends that throughout the period that these cases were in controversy, she was not knowledgeable about law or procedure and that she may have been poorly represented by counsel[5] and/or wrongly followed her husband's advice. Under these circumstances we must decide whether petitioner's participation was meaningful in the prior two cases so as to preclude her from seeking section 6015 relief in this stand-alone proceeding.

Generally, with respect to the application of res judicata, the quality of advocacy and the actual knowledge of the litigants are not special circumstances in determining whether a prior judgment is a bar in subsequent litigation. See <u>Jones v. United</u>

---

[5] The implication raised by petitioner was that the attorneys represented the interest of numerous partnership investors and that little attention was paid to petitioner's individual issues. Although petitioner alludes to these conditions, the Court was not made privy to the actual discussions or relationship that petitioner had with her legal representatives, and these matters remain a matter of conjecture. For purposes of this motion for summary judgment, we assume, arguendo, that she was not adequately advised by her attorneys about sec. 6013(e) or sec. 6015.

States, 466 F.2d 131, 136 (10th Cir. 1972); Cory v. Commissioner, 159 F.2d 391, 392 (3d Cir. 1947), affg. a Memorandum Opinion of this Court.  In this case, petitioner represented herself when she agreed to settle without formally raising the question of section 6015 relief.

As was stated in Huynh v. Commissioner, T.C. Memo. 2006-180:

> Court cases have not yet clearly defined "meaningful participation" in all respects, although we have indicated that "merely [complying]" with a spouse's instructions to sign various pleadings and other documents filed in prior litigation is not conclusive of meaningful participation, Thurner v. Commissioner, supra at 53, but signing court documents and participating in settlement negotiations are indicators of meaningful participation.  Id.; Monsour v. Commissioner, supra.

> In Trent v. Commissioner, T.C. Memo. 2002-285, we suggested that a taxpayer who participated in meetings with an Appeals officer and who voluntarily signed a decision document generally would be regarded as having participated meaningfully, regardless of whether the taxpayer was represented by counsel.  [Fn. ref. omitted.]

Here, petitioner was represented by counsel for an extended period of time.  Significantly, however, after the representation ended, petitioner was advised by respondent of the existence of section 6015 and the need to amend her pleading if she wished to seek relief under that Code provision.  That advice was provided prior to the time that petitioner voluntarily agreed to settle the outstanding issues in the two cases, which did not include the question of relief under section 6015.  The fact that Mr. Moore urged that she agree to resolve the controversy does not

take away from the fact that she was informed of section 6015 prior to settlement. The fact that petitioner was informed about section 6015, participated in meetings with respondent's counsel and the Court, and voluntarily entered into a settlement makes her participation "meaningful".

Whether petitioner received good or bad advice from Mr. Moore and/or her representatives does not obviate her knowledge of the relief provisions or her opportunity to be well informed. The exception to res judicata contained in section 6015(g)(2) addresses the opportunity to raise and/or pursue the relief afforded by section 6015. Petitioner participated and had that opportunity. Her reasons for pursuing or not pursuing relief are not dispositive under the statute, regulation, and case precedent.

Because petitioner materially participated in the prior two cases involving the same tax years, same tax liabilities, and same parties, she is barred from relitigating the question of relief from those liabilities in this proceeding.

To reflect the foregoing,

<u>An appropriate order and decision will be entered granting respondent's Motion for Summary Judgment.</u>